PER CURIAM. We have for review George James Tre-pal’s appeal of the circuit court’s order denying Trepal’s motion filed pursuant to Florida Rule of Criminal Procedure 3.851. This Court has jurisdiction. See art. V, § 3(b)(1), Fla. Const. Trepal’s motion sought relief pursuant to the United States Supreme Court’s decision in Hurst v. Florida, — U.S.-, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), and our decision on remand in Hurst v. State (Hurst), 202 So.3d 40 (Fla. 2016), cert. denied, — U.S. -, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017). This Court stayed Tre-pal’s appeal pending the disposition of Hitchcock v. State, 226 So.3d 216 (Fla. 2017), cert. denied, — U.S. -, 138 S.Ct. 513, 199 L.Ed.2d 396 (2017). After this Court decided Hitchcock, Trepal responded to this Court’s order to show cause arguing why Hitchcock should not be dispositive in this case. After reviewing Trepal’s response to the order to show cause, as well as the State’s arguments in reply, we conclude that Tre-pal is not entitled to relief. Trepal was sentenced to death following a jury’s recommendation for death by a vote of nine to three. Trepal v. State, 621 So.2d 1361, 1363 (Fla. 1993). Trepal’s sentence of death became final in 1994. Trepal v. Florida, 510 U.S. 1077, 114 S.Ct. 892, 127 L.Ed.2d 85 (1994). Thus, Hurst does not apply retroactively to Trepal’s sentence of death. See Hitchcock, 226 So.3d at 217. Accordingly, we affirm the denial of Trepal’s motion. The Court having carefully considered all arguments raised by Trepal, we caution that any rehearing motion containing rear-gument will be stricken. It -is so ordered. LABARGA, C.J.,- and POLSTON, and LAWSON, JJ., concur. PARIENTE, J., concurs in result with an opinion. LEWIS and CANADY, JJ., concur in result. QUINCE, j., recused.