PER CURIAM. We have for review Paul Alfred Brown’s appeal of the circuit court’s order denying Brown’s motion filed pursuant to Florida Rule of Criminal Procedure 3.851. This Court has jurisdiction. See ■ art. V, § 3(b)(1), Fla. Const. Brown’s motion sought relief pursuant to the United States Supreme Court’s decision in Hurst v. Florida, — U.S. —, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), and our decision on remand in Hurst v. State (Hurst), 202 So.3d 40 (Fla. 2016), cert. denied, — U.S.-, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017). This Court stayed Brown’s appeal pending the disposition of Hitchcock v. State, 226 So.3d 216 (Fla. 2017), cert. denied, — U.S. -, 138 S.Ct. 513, 199 L.Ed.2d 396 (2017). After this Court decided Hitchcock, Brown responded to this Court’s order to show cause arguing why Hitchcock should not be dispositive in this case. After reviewing Brown’s response to the order to show cause, as well as the State’s arguments in reply, we conclude that Brown is not entitled to relief. Brown was sentenced to death following a jury’s recommendation for death by a vote of seven to five, Brown v. State, 565 So.2d 304, 308 (Fla. 1990). Brown’s sentence of death became final in 1990. Brown v. Florida, 498 U.S. 992, 111 S.Ct. 537, 112 L.Ed.2d 547 (1990). Thus, Hurst does not apply retroactively to Brown’s sentence of death. See Hitchcock, 226 So.3d at 217. Accordingly, we affirm the denial of Brown’s motion. " The Court having carefully considered all arguments raised by Brown, we caution that any'rehearing motion containing rear-gument will be stricken. It is so ordered. LABARGA, C.J„ and POLSTON, and LAWSON, JJ., concur. PARIENTE, J., concurs in result with an opinion. LEWIS and CANADY, JJ., concur in result. QUINCE, J., recused.