PER CURIAM. Stephen Todd Booker petitions this Court for a writ of habeas corpus seeking relief pursuant to the United States Supreme Court’s decision in Hurst v. Florida, — U.S. -, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), and our decision on remand in Hurst v. State (Hurst), 202 So.3d 40 (Fla. 2016); cert. denied, — U.S. , 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017). This Court has jurisdiction. See art. V, § 3(b)(9), Fla. Const. This Court stayed Booker’s case pending the disposition of Hitchcock v. State, 226 So.3d 216 (Fla. 2017), cert. denied, — U.S - 138 S.Ct. 513, 199 L.Ed.2d 396 (2017). After this Court decided Hitchcock, Booker responded to this Court’s order to show cause arguing why Hitchcock should not be dispositive in this ease. After reviewing Booker’s response to the order to show cause, as well as the State’s arguments in reply, we conclude that Booker is not entitled to relief. Booker was sentenced to death following a jury’s recommendation for death by a vote of eight to four; Booker v. State, 773 So.2d 1079, 1086 (Fla. 2001). Booker’s sentence of death became final in 2001. Booker v. Florida. 532 U.S. 1033, 121 S.Ct. 1989, 149 L.Ed.2d 779 (2001). Thus, Hurst does not apply retroactively to Booker’s sentence. See Hitchcock, 226 So.3d at 217. Accordingly, we deny Booker’s petition. The Court having carefully considered all arguments raised by Booker, we caution that any rehearing motion containing reargument will be stricken. It is so ordered. LABARGA, C.J., and QUINCE, POLSTON, and LAWSON, JJ., concur. PARIENTE, J., concurs in result with an opinion. LEWIS and CANADY, JJ., concur in . result.