PER CURIAM. We have for review Thomas Lee Gudi-nas’s appeal of the circuit court’s order denying Gudinas’s motion filed pursuant to Florida Rule of Criminal Procedure 3.851. This Court has jurisdiction. See art. V, § 3(b)(1), Fla. Const. Gudinas’s motion sought relief pursuant to the United States Supreme Court’s decision in Hurst v. Florida, — U.S. -, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), and our decision on remand in Hurst v. State (Hurst), 202 So.3d 40 (Fla. 2016), cert. denied, — U.S. -, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017). This Court stayed Gu-dinas’s appeal pending the disposition of Hitchcock v. State, 226 So.3d 216 (Fla. 2017), cert. denied, — U.S. -, 138 S.Ct. 513, 199 L.Ed.2d 396 (2017). After this Court decided Hitchcock, Gudinas responded to this Court’s order to show cause arguing why Hitchcock should not be dispositive in this case. After reviewing Gudinas’s response to the order to show cause, as well as the State’s arguments in reply, we conclude that Gudinas is not entitled to relief. Gudi-nas was sentenced to death following a jury’s recommendation for death by a vote of ten to two. Gudinas v. State, 693 So.2d 953, 959 (Fla. 1997). His sentence of death became final in 1997. Gudinas v. Florida, 522 U.S. 936, 118 S.Ct. 345, 139 L.Ed.2d 267 (1997). Thus, Hurst does not apply retroactively to Gudinas’s sentence of death. See Hitchcock, 226 So.3d at 217. Accordingly, we affirm the denial of Gudi-nas’s motion. The Court having carefully considered all arguments raised by Gudinas, we caution that any rehearing motion containing reargument will be stricken. It is so ordered. LABARGA, C.J., and QUINCE, POLSTON, and LAWSON, JJ., concur. PARIENTE, J., concurs in result with an opinion. LEWIS and CANADY, JJ., concur in result.