PER CURIAM. We have for review Dennis Soehor’s appeal of the circuit court’s order denying Sochor’s motion filed pursuant to Florida Rule of Criminal Procedure 3.851. This Court has jurisdiction. See art. V, § 3(b)(1), Fla. Const. Sochor’s motion sought-relief pursuant to the United States Supreme Court’s decision in Hurst v. Florida, — U.S. - 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), and our decision on remand in Hurst v. State (Hurst), 202 So.3d 40 (Fla. 2016), cert. denied, — U.S. -, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017). This Court stayed So-chor’s appeal pending the disposition of Hitchcock v. State, 226 So.3d 216 (Fla. 2017), cert. denied, — U.S. -, 138 S.Ct. 513, 199 L.Ed.2d 396 (2017). After this Court decided Hitchcock, Sochor responded td this Court’s order to show cause arguing why Hitchcock should not be dispositive in this case. After reviewing Sochor’s response to the order to show cause, as well as the State’s arguments in reply, we conclude that So-chor is riot entitled to relief. Sochor was sentenced to death following a jury’s recommendation for déath by a vote of ten to two. Sochor v. State, 619 So.2d 285, 288 (Fla. 1993). Sochor’s sentence of death became final in 1994. Sochor v. Florida, 510 U.S. 1025, 114 S.Ct. 638, 126 L.Ed.2d 596 (1994). Thus, Hurst does not apply retroactively to Sochor’s sentence of death. See Hitchcock, 226 So.3d at 217. Accordingly, we affirm the denial of Sochor’s motion. The Court having carefully considered all arguments raised by Sochor, we caution that any rehearing motion containing rear-gument will be stricken. It is so ordered. LABARGA, C.J., and QUINCE, POLSTON, and LAWSON, JJ., concur. PARIENTE, J., concurs in result with an opinion. LEWIS and CANADY, JJ., concur in result.