PER CURIAM.
James Ernest Hitchcock is a prisoner under sentence of death whose sentence became final' in 2000. See Hitchcock v. State, 755 So.2d 638 (Fla.), cert. denied, 531 U.S. 1040, 121 S.Ct. 633, 148 L.E.d.2d 541 (2000). Following the United States Supreme Court’s debisión in- Hurst v. Florida, — U.S. -, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), and this Court’s decision on remand in Hurst v. State, 202 So.3d 40 (Fla. 2016), cert. denied, — U.S. -, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017), Hitchcock filed a successive motion *217 for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.851, arguing that these decisions render his death sentence unconstitutional under both the United States and Florida Constitutions.[1] The circuit court summarily denied Hitchcock’s motion, concluding that this Court’s decision in Asay v. State, 210 So.3d 1 (Fla. 2016), petition for cert. filed, No. 16-9033 (U.S. Apr. 29, 2017), precludes relief. Hitchcock appeals the circuit court’s order,[2] and we have jurisdiction. See art. V, § 3(b)(1), Fla. Const. We affirm because we agree with the circuit court that our decision in Asay forecloses relief.
We have consistently applied our decision in Asay, denying the retroactive application of Hurst v. Florida as interpreted in Hurst v. State to defendants whose death sentences were final when the Supreme Court decided Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). See, e.g., Zack v. State, 226 So.3d 211, 2017 WL 2590703 (Fla. June 15, 2017); Marshall v. Jones, — So.3d -, 42 Fla. L. Weekly S533, 2017 WL 1739246 (Fla. May 4, 2017); Lambrix v. State, 217 So.3d 977 (Fla. 2017); Willacy v. Jones, No. SC16-497, 2017 WL 1033679 (Fla. Mar. 17, 2017); Bogle v. State, 213 So.3d 833 (Fla. 2017); Gaskin v. State, 218 So.3d 399 (Fla. 2017). Hitchcock is among those defendants whose death sentences were final before Ring, and his arguments do not compel departing from our precedent.
Although Hitchcock references various constitutional provisions as a basis for arguments that Hurst v. State should entitle him to a new sentencing proceeding, these are nothing more than arguments that Hurst v. State should be applied retroactively to. his sentence, which became .final prior to Ring. As such, these arguments were rejected when we decided Asay. Accordingly, we affirm the circuit court’s order summarily denying Hitchcock’s successive . postconviction motion pursuant to Asay.
It is so ordered.
LABARGA, C.J., and QUINCE, POLSTON, and LAWSON, JJ., concur.
LEWIS, J., concurs in result with an opinion.
CANADY, J., concurs in result.
PARIENTE, J., dissents with an opinion;

. Hitchcock relied on Hurst v. Florida and Hurst v. State to argue below that his death sentence is unconstitutional under .the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, the corresponding provisions of the Florida Constitution, and article I, sections 15 and 16, of the Florida Constitution.

. In this appeal, Hitchcock relies on Hurst v. Florida and Hurst v. State for the following arguments: (1) the Hurst error in his case was not harmless because his jury did not unanimously recommend death; (2) denying Hitchcock Hurst relief based on non-retroac-tivity violates the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Florida Constitution; (3) Hitchcock was denied his right to a jury trial on the facts that led to his death sentence; (4) Hitchcock’s death sentence violates the Eighth Amendment because it was contrary to evolving standards of decency and is arbitrary and capricious; (5) the fact-finding that subjected Hitchcock to death was not proven beyond a reasonable doubt; (6) Hitchcock's death sentence violates article I, sections 15(a) and 16(a), of the Florida Constitution because the State did not present the aggravating factors in his indictment, and the aggravating factors were not found by his grand jury, thereby denying him notice of the full nature and cause of the accusation against him; and (7) the denial of Hitchcock's prior ppstconviction claims must be reheard and determined under a constitutional framework.