# Supreme Court of Florida

_____

No. SC17-830
_____

**WILLIAM H. KELLEY,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

[January 26, 2018]

PER CURIAM.

We have for review William H. Kelley's appeal of the circuit court's order denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.851. This Court has jurisdiction. See art. V, § 3(b)(1), Fla. Const.

Kelley's motion sought relief pursuant to the United States Supreme Court's decision in Hurst v. Florida, 136 S. Ct. 616 (2016), and our decision on remand in Hurst v. State (Hurst), 202 So. 3d 40 (Fla. 2016), cert. denied, 137 S. Ct. 2161 (2017). This Court stayed Kelley's appeal pending the disposition of Hitchcock v. State, 226 So. 3d 216 (Fla. 2017), cert. denied, 138 S. Ct. 513 (2017). After this

Court decided Hitchcock, Kelley responded to this Court's order to show cause arguing why Hitchcock should not be dispositive in this case.

After reviewing Kelley's response to the order to show cause, as well as the State's arguments in reply, we conclude that Kelley is not entitled to relief. Kelley was sentenced to death following the jury's recommendation for death by a vote of eight to three, and his sentence of death became final in 1986. See Kelley v. State, 486 So. 2d 578, 580 (Fla. 1986).[1] Thus, Hurst does not apply retroactively to Kelley's sentence of death. See Hitchcock, 226 So. 3d at 217. Accordingly, we affirm the denial of Kelley's motion.

The Court having carefully considered all arguments raised by Kelley, we caution that any rehearing motion containing reargument will be stricken. It is so ordered.

LABARGA, C.J., and POLSTON, and LAWSON, JJ., concur.
PARIENTE, J., concurs in result with an opinion.
LEWIS and CANADY, JJ., concur in result.
QUINCE, J., recused.

PARIENTE, J., concurring in result.

---

1. While the jury's vote recommending a sentence of death is not reflected in this Court's opinion on direct appeal, Kelley represents in his response that the vote was eight to three. Appellant's Br. in Resp. to Show Cause Order, Kelley v. State, No. SC17-830 (Fla. Oct. 2, 2017), at 1. The record in Kelley's direct appeal reflects that Kelley agreed to proceed with only eleven jurors when one of his jurors was excluded during the penalty phase due to an illness and a death in the family.

I concur in result because I recognize that this Court's opinion in <u>Hitchcock v. State</u>, 226 So. 3d 216 (Fla. 2017), <u>cert. denied</u>, 138 S. Ct. 513 (2017), is now final. However, I continue to adhere to the views expressed in my dissenting opinion in <u>Hitchcock</u>.

An Appeal from the Circuit Court in and for Highlands County,
      Frederick J. Lauten, Judge - Case No. 281981CF000535CFAXMX

Kevin J. Napper, The Law Offices of Kevin J. Napper, P.A., Tampa, Florida, and Sylvia H. Walbolt, Joseph H. Lang, Jr., Chris S. Coutroulis, E. Kelly Bittick, Jr., and Mariko Shitama Outman, Carlton Fields Jorden Burt, PA., Tampa, Florida,

      for Appellant

Pamela Jo Bondi, Attorney General, and Christina Z. Pacheco, Assistant Attorney General, Tampa, Florida,

      for Appellee