# Supreme Court of Florida

_____

No. SC17-837
_____

**IAN DECO LIGHTBOURNE,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

[January 26, 2018]

PER CURIAM.

We have for review Ian Deco Lightbourne's appeal of the circuit court's order denying Lightbourne's motion filed pursuant to Florida Rule of Criminal Procedure 3.851. This Court has jurisdiction. See art. V, § 3(b)(1), Fla. Const.

Lightbourne's motion sought relief pursuant to the United States Supreme Court's decision in Hurst v. Florida, 136 S. Ct. 616 (2016), and our decision on remand in Hurst v. State (Hurst), 202 So. 3d 40 (Fla. 2016), cert. denied, 137 S. Ct. 2161 (2017). This Court stayed Lightbourne's appeal pending the disposition of Hitchcock v. State, 226 So. 3d 216 (Fla. 2017), cert. denied, 138 S. Ct. 513 (2017).

After this Court decided <u>Hitchcock</u>, Lightbourne responded to this Court's order to show cause arguing why <u>Hitchcock</u> should not be dispositive in this case.

After reviewing Lightbourne's response to the order to show cause, as well as the State's arguments in reply, we conclude that Lightbourne is not entitled to relief. Lightbourne was sentenced to death following a jury's recommendation for death by an unrecorded vote. <u>See</u> <u>Lightbourne v. State</u>, 438 So. 2d 380, 391 (Fla. 1983).[1] Lightbourne's sentence of death became final in 1984. <u>Lightbourne v. Florida</u>, 465 U.S. 1051 (1984). Thus, <u>Hurst</u> does not apply retroactively to Lightbourne's sentence of death. <u>See</u> <u>Hitchcock</u>, 226 So. 3d at 217. Accordingly, we affirm the denial of Lightbourne's motion.

The Court having carefully considered all arguments raised by Lightbourne, we caution that any rehearing motion containing reargument will be stricken. It is so ordered.

LABARGA, C.J., and QUINCE, POLSTON, and LAWSON, JJ., concur.
PARIENTE, J., concurs in result with an opinion.
LEWIS and CANADY, JJ., concur in result.

PARIENTE, J., concurring in result.

---

1. The jury's vote recommending a sentence of death was unrecorded, and, therefore, is not reflected in this Court's opinion on direct appeal. <u>See</u> Appellant's Br. Resp. Show Cause Order, <u>Lightbourne v. State</u>, No. SC17-837 (Fla. Oct. 16, 2017), at 12.

I concur in result because I recognize that this Court's opinion in <u>Hitchcock</u> <u>v. State</u>, 226 So. 3d 216 (Fla. 2017), <u>cert. denied</u>, 138 S. Ct. 513 (2017), is now final. However, I continue to adhere to the views expressed in my dissenting opinion in <u>Hitchcock</u>.

An Appeal from the Circuit Court in and for Marion County,
    Robert W. Hodges, Judge - Case No. 421981CF000170CFAXXX

Neal Dupree, Capital Collateral Regional Counsel, Suzanne Myers Keffer, and Nicole M. Noël, Assistant Capital Collateral Regional Counsel, Southern Region, Ft. Lauderdale, Florida,

    for Appellant

Pamela Jo Bondi, Attorney General, and Doris Meacham, Assistant Attorney General, Daytona Beach, Florida,

    for Appellee