PER CURIAM. We have for review Charles William Finney’s appeal of the circuit court’s order denying Finney’s motion filed pursuant to Florida Rule of Criminal Procedure 3.851. This Court has jurisdiction. See art, V, § 3(b)(1), Fla. Const’. ' Finney’s motion sought relief pursuant to the United States Supreme Court’s decision in Hurst v. Florida, — U.S. -, 136 S.Ct. 616, 193 L.Ed.2d 604 (2016), and our decision on remand in Hurst v. State (Hurst), 202 So.3d 40 (Fla. 2016), cert. denied, — U.S. -, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017). This .Court stayed Fin-ney’s appeal pending the disposition of Hitchcock v. State, 226 So.3d 216 (Fla. 2017), cert. denied, — U.S. -, 138 S.Ct. 513, 199 L.Ed.2d 396 (2017). After this Court decided Hitchcock, Finney responded to this Court’s order to show cause arguing why Hitchcock should not be dispositive in this case. After reviewing Finney’s response to the order to show cause, as well as the State’s arguments in reply, we conclude, that Fin-ney is. not, entitled. to relief. Finney, was sentenced to death following a jury’s recommendation for death by a vote of nine to three. Finney v. State, 660 So.2d 674, 679 (Fla. 1995). Finney’s sentence of death became final in 1996. Finney v. Florida, 516 U.S. 1096, 116 S.Ct. 823, 133 L.Ed.2d 766 (1996). Thus, Hurst does not apply retroactively to Finney’s sentence of death. See Hitchcock, 226 So.3d at 217. Accordingly, we affirm the denial of Finney’s motion. The Court having carefully considered all arguments raised by Finney, we caution that any rehearing motion containing rear-gument will be stricken. It is so ordered. LABARGA, C.J., and POLSTON, and LAWSON, JJ., concur. PARIENTE, J., concurs in result with an opinion. LEWIS and CANADY, JJ., concur in result. QUINCE, J., recused.