PER CURIAM. We have for review Sonny Ray Jeffries’ appeal of the circuit court’s order denying Jeffries’ motion filed pursuant to Florida Rule of Criminal Procedure 3.851. This Court has jurisdiction. See art. V, § 3(b)(1), Fla. Const. Jeffries’ motion sought relief pursuant to the United States Supreme Court’s decision in Hurst v. Florida, — U.S. -, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), and our decision on remand in Hurst v. State (Hurst), 202 So.3d 40 (Fla. 2016), cert. denied, — U.S. -, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017). This Court stayed Jef-fries’ appeal pending the disposition of Hitchcock v. State, 226 So.3d 216 (Fla. 2017), cert. denied, — U.S. -, 138 S.Ct. 513, 199 L.Ed.2d 396 (2017). After this Court decided Hitchcock, Jeffries responded to. .this Court’s order to show cause arguing why Hitchcock should not be dispositive in this case. After reviewing Jeffries’ response to the order to show cause, as well as the State’s arguments in reply, we conclude that Jef-fries .is not entitled to relief. Jeffries was sentenced to death following a jury’s recommendation for death by a vote of eleven to one, and his sentence of death became final in January 2002. Jeffries v. State, 797 So.2d 573, 576 (Fla. 2001). Thus, Hurst does not apply retroactively to Jeffries’ sentence of death. See Hitchcock, 226 So.3d at 217. Accordingly, we affirm the denial of Jeffries’ motion. The Court having carefully considered all arguments raised by Jeffries, we caution that any rehearing motion containing reargument will be stricken. It is so ordered. LABARGA, C.J., and QUINCE, POLSTON, and LAWSON, JJ., concur. PARIENTE, J., concurs in result with an opinion. LEWIS and CANADY, JJ., concur in result.