PER CURIAM. We have for review Richard Harold Anderson’s appeal of the circuit court’s order denying Anderson’s motion filed pursuant to Florida Rule of Criminal Procedure 3.851. This Court has jurisdiction. See art. V, § 3(b)(1), Fla. Const. Anderson’s motion sought relief pursuant to the United States Supreme Court’s decision in Hurst v. Florida, — U.S. —:—, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), and our decision on remand in Hurst v. State (Hurst), 202 So.3d 40 (Fla. 2016), cert. denied, — U.S. -, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017). This Court stayed Anderson’s appeal pending the disposition of Hitchcock v. State, 226 So.3d 216 (Fla. 2017), cert. denied, — U.S. -, 138 S.Ct. 513, 199 L.Ed.2d 396 (2017). After this Court decided Hitchcock, Anderson responded to this Court’s order to show cause arguing why Hitchcock should not be dispositive in this case. After reviewing Anderson’s response to the order to show cause, as well as the State’s arguments in reply, we conclude that Anderson is not entitled to relief. Anderson was sentenced to death following a jury’s recommendation for death by a vote of eleven to one. Anderson v. State, 574 So.2d 87, 90 (Fla. 1991). Anderson’s sentence of death became final in 1991. Anderson v. Florida, 502 U.S. 834, 112 S.Ct. 114, 116 L.Ed.2d 83 (1991). Thus, Hurst does not apply retroactively to Anderson’s sentence of death. See Hitchcock, 226 So.3d at 217. Accordingly, we affirm the denial of Anderson’s motion. The Court having carefully considered all arguments raised by Anderson, we caution that any rehearing' motion containing reargument will be stricken. .It is so ordered. LABARGA, C.J., and POLSTON, and LAWSON, JJ., concur. PARIENTE, J., concurs in result with an opinion. LEWIS and CANADY, JJ., concur in result. QUINCE, J., recused.