PER CURIAM. We have for review Melvin Trotter’s appear of the circuit court’s order denying Trotter’s motion filed pursuant to Florida Rule of Criminal Procedure 3.851. This Court has jurisdiction. See art. V, § 3(b)(1), Fla. Const. Trotter’s motion sought relief pursuant to the United States Supreme Court’s decision in Hurst v. Florida, — U.S. -, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), and our decision on remand in Hurst v. State (Hurst), 202 So.3d 40 (Fla. 2016), cert. denied, — U.S. -, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017). This Court stayed Trotter’s appeal pending the disposition of Hitchcock v. State, 226 So.3d 216 (Fla. 2017), cert. denied, — U.S. -, 138 S.Ct. 513, 199 L.Ed.2d 396 (2017). After this Court decided Hitchcock, Trotter responded to this Court’s order to show cause arguing why Hitchcock should not be dispositive in this case. After reviewing Trotter’s response to the order to show cause, as well as the State’s arguments in reply, we conclude that Trotter is not entitled to relief. Trotter was sentenced to death following a jury’s recommendation for death by a vote of eleven to one. Trotter v. State, 690 So.2d 1234, 1236 (Fla. 1996). Trotter’s sentence of death became final in 1997. Trotter v. Florida, 522 U.S. 876, 118 S.Ct. 197, 139 L.Ed.2d 134 (1997). Thus, Hurst does not apply retroactively to Trotter’s sentence of death. See Hitchcock, 226 So.3d at 217. Accordingly, we affirm the denial of Trotter’s motion. The Court having carefully considered all arguments raised by Trotter, we caution that any rehearing motion containing reargument will be stricken. It is so ordered. LABARGA, C.J., and POLSTON, and LAWSON, JJ., concur. PARIENTE, J., concurs in result with an opinion. LEWIS and CANADY, JJ., concur in result. QUINCE, J., recused.