PER CURIAM. We have for review Robert Joe Long’s appeal of the circuit court’s order denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.851. This Court has jurisdiction. See art. V, § 3(b)(1), Fla. Const. Long’s motion sought relief pursuant to the United States Supreme Court’s decision in Hurst v. Florida, — U.S. -, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), and our decision oh remand in Hurst v. State (Hurst), 202 So.3d 40 (Fla. 2016), cert. denied, — U.S. -, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017). This Court stayed Long’s appeal pending the disposition of Hitchcock v. State, 226 So.3d 216 (Fla. 2017), cert. denied, — U.S. -, 138 S.Ct. 513, 199 L.Ed.2d 396 (2017). After this Court- decided Hitchcock, Long responded to this Court’s order to show cause arguing why Hitchcock should not be dispositive in this case. After reviewing Long’s response to the order to show cause, as well as the State’s arguments in reply, we conclude that Long is not entitled to relief. Long was sentenced to death following a jury’s unanimous recommendation for death. Long v. State, 610 So.2d 1268, 1269 (Fla. 1992). His sentence of death became final in 1993. Long v. Florida, 510 U.S. 832, 114 S.Ct. 104, 126 L.Ed.2d 70 (1993). Thus, Hurst does not apply retroactively to Long’s sentence of death. See Hitchcock, 226 So.3d at 217. Accordingly, we affirm the denial- of Long’s motion. The, Court having carefully considered all arguments raised by Long, we caution that any rehearing motion containing rear-gument will be stricken, It is so ordered. LABARGA, C.J., and POLSTON, and LAWSON, Jj., concur. PARIENTE, J., concurs in result with an opinion. ' LEWIS and CANADY, JJ., concur in result'. QUINCE, J., recused.