PER CURIAM. We have for review Michael Bernard Bell’s appeal of the circuit court’s order denying Bell’s motion filed pursuant to Florida Rule of Criminal Procedure 3.851. This Court has jurisdiction. See art; V, § 3(b)(1), Fla. Const. , Bell’s motion sought relief pursuant' to the United States Supreme Court’s decision in Hurst v. Florida, — U.S. -, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), and our decision on remand in Hurst v. State (Hurst), 202 So,3d 40 (Fla. 2016), cert. denied, -— U.S. —, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017). This Court stayed Bell’s appeal pending the disposition of Hitchcock v. State, 226 So.3d 216 (Fla. 2017), cert. denied, — U.S. ——, 138 S.Ct. 513, 199 L.Ed.2d 396 (2017). After this Court decided Hitchcock, Bell responded to this Court’s order to show cause arguing why Hitchcock should not be dispositive in this case. After reviewing Bell’s response to the order to show cause, as well as the State’s arguments in reply, we conclude that Bell is not entitled to relief, A jury convicted Bell of two counts of first-degree murder and unanimously recommended a sentence of death for both murders. Bell v. State, 699 So.2d 674, 675 (Fla. 1997). Following the jury’s recommendations, the trial court sentenced Bell to- death on both counts. Id. at 976.- Bell’s sentences of death became final in 1998. Bell v. Florida. 522 U.S. 1123, 118 S.Ct. 1067, 140 L.Ed.2d 127 (1998). Thus, Hurst does not apply retroactively to Bell’s sentences of death. See Hitchcock, 226 So.3d at 217. Accordingly, we affirm the denial of Bell’s motion. The Court having carefully considered all arguments raised by Bell, we caution that any rehearing motion containing rear-gument will be stricken. It is so ordered. LABARGA, C.J., and QUINCE, POLSTON, and LAWSON, JJ., concur. PARIENTE, J., concurs in result with an opinion. LEWIS and CANADY, JJ., concur in result.