PER CURIAM. We have for review Charles Kenneth Foster’s appeal of the circuit court’s order denying Foster’s motion filed, pursuant to Florida Rule of Criminal Procedure 3.851. This Court has .jurisdiction. See. art. V, § 3(b)(1), Fla. Const., Foster’s motion sought relief pursuant to the United States Supreme Court’s decision in Hurst v. Florida, — U.S. -, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), and our decision on remand in Hurst v. State (Hurst), 202 So.3d 40 (Fla. 2016), cert. denied, — U.S.-, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017). This, Court stayed Foster’s appeal pending the disposition of Hitchcock v. State, 226 So.3d 216 (Fla. 203.7), cert. denied, — U.S. -, 138 S.Ct. 513, 199 L.Ed.2d 396 (2017). After this Court decided Hitchcock, Foster responded to this Court’s order to show cause arguing why Hitchcock should not be dispositive in this case. After reviewing Foster’s response to the order to show cause, as well as the State’s arguments in reply, we Conclude that Foster is not entitled to relief. Foster- was sentenced to death following a jury’s recommendation for death by a vote of eight to four. Foster v. State, 654 So.2d 112, 113 (Fla. 1995). Foster’s sentence of death became final in 1995. Foster v. Florida, 516 U.S. 920, 116 S.Ct. 314, 133 L.Ed.2d 217 (1995). Thus, Hurst does not apply retroactively to Foster’s sentence of death. See Hitchcock, 226 So.3d at 217. Accordingly, we affirm the denial of Foster’s- motion. The-Court having carefully considered all arguments raised by Foster, we caution that any rehearing motion containing rear-gument will be stricken. It is so ordered. LABARGA, C.J., and QUINCE, . POLSTON, and LAWSON, JJ., concur. PARIENTE, J., concurs in result with an opinion. LEWIS and CANADY, JJ., concur in result.