PER CURIAM. We have for review Guy R. Gamble’s appeal of the circuit court’s order denying Gamble’s motion filed pursuant to Florida Rule of Criminal Procedure 3.851. This Court has jurisdiction. See art. V, § 3(b)(1), Fla. Const. Gamble’s motion sought relief pursuant to the United States Supreme Court’s decision in Hurst v. Florida, — U.S. -, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), and our decision on remand in Hurst v. State (Hurst), 202 So.3d 40 (Fla. 2016), cert. denied, — U.S. -, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017). This Court stayed Gamble’s appeal pending the disposition of Hitchcock v. State, 226 So.3d 216 (Fla. 2017), — U.S. -, 138 S.Ct. 513, 199 L.Ed.2d 396 (2017). After this Court decided Hitchcock, Gamble responded to this Court’s order to show cause arguing why Hitchcock should not be dispositive in this case. After reviewing Gamble’s response to the order to show cause, as well as the State’s arguments in reply, we conclude that Gamble is not entitled to relief. Gamble was sentenced to death following a jury’s recommendation for death by a vote of ten to two. Gamble v. State, 659 So.2d 242, 244 (Fla. 1995). Gamble’s sentence of death became final in 1996. Gamble v. Florida, 516 U.S. 1122, 116 S.Ct. 933, 133 L.Ed.2d 860 (1996). Thus, Hurst does not apply retroactively to Gamble’s sentence of death. See Hitchcock, 226 So.3d at 217. Accordingly, we affirm the denial of Gamble’s motion. The Court having carefully considered all arguments raised by Gamble, we caution that any rehearing motion containing rear-gument will be stricken. It is so ordered. LABARGA, C.J., and QUINCE, POLSTON, and LAWSON, JJ., concur. PARIENTE, J., concurs in result with an opinion. LEWIS and CANADY, JJ., concur in result.