PER CURIAM. Toney Deron Davis petitions this Court for a writ of habeas corpus seeking relief pursuant to the United States Supreme Court’s decision in Hurst v. Florida, — U.S.-, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), and our decision on remand in Hurst v. State (Hurst), 202 So.3d 40 (Fla. 2016), cert. denied, — U.S. -, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017). This Court has jurisdiction. See art. V, § 3(b)(9), Fla. Const. After this Court decided Hitchcock v. State, 226 So.3d 216 (Fla. 2017), cert, denied, — U.S. -, 138 S.Ct. 513, 199 L.Ed.2d 396 (2017), we ordered Davis to show cause why Hitchcock should not be dispositive in this case. After reviewing Davis’s response to the order to show cause, as well as the State’s arguments in reply, we conclude that Davis is not entitled to relief. Davis was sentenced to death following a jury’s recommendation for death by a vote of eleven to one. Davis v. State, 703 So.2d 1055, 1057 (Fla. 1997). Davis’s sentence of death became final in 1998. Davis v. Florida, 524 U.S. 930, 118 S.Ct. 2327, 141 L.Ed.2d 701 (1998). Thus, Hurst does not apply retroactively to Davis’s sentence. See Hitchcock, 226 So.3d at 217. Accordingly, we deny Davis’s petition. The Court having carefully considered all arguments raised by Davis, we caution that any rehearing motion containing rear-gument will be stricken. It is so ordered. LABARGA, C.J., and QUINCE, POLSTON, and LAWSON, JJ., concur. PARIENTE, J., concurs in result with an opinion. LEWIS and CANADY, JJ., concur in result.