PER CURIAM. We have for review Marbel Mendoza’s appeal of the circuit court’s order denying Mendoza’s motion filed pursuant to Florida Rule of Criminal Procedure 3.851. This Court has jurisdiction. See art. V, § 3(b)(1), Fla. Const. Mendoza’s motion sought relief pursuant to the United States Supreme Court’s decision in Hurst v. Florida, — U.S.-, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), and our decision on remand in Hurst v. State (Hurst), 202 So.3d 40 (Fla. 2016), cert. denied, — U.S. -, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017). This Court stayed Mendoza’s appeal pending the disposition of Hitchcock v. State, 226 So.3d 216 (Fla. 2017), cert. denied, — U.S. -, 138 S.Ct. 513, 199 L.Ed.2d 396 (2017). After this Court decided Hitchcock, Mendoza responded to this Court’s order to show cause arguing why Hitchcock should not be dispositive.in this case. After reviewing Mendoza’s response to the order to show cause, as well as the State’s arguments in reply, we conclude that Mendoza is not entitled to relief. Mendoza was sentenced to death following a jury’s recommendation for death by a vote of seven to five. Mendoza v. State, 700 So.2d 670, 673 (Fla. 1997). Mendoza’s sentence of death became final in 1998. Mendoza v. Florida, 525 U.S. 839, 119 S.Ct. 101, 142 L.Ed.2d 81 (1998). Thus, Hurst does not apply retroactively to Mendoza’s sentence of death. See Hitchcock, 226 So.3d at 217. Accordingly, we affirm the denial of Mendoza’s motion. The Court having carefully considered all arguments raised by Mendoza, we caution that any rehearing motion containing reargument will be stricken. It is so ordered. LABARGA, C.J., and QUINCE, POLSTON, and LAWSON, JJ., concur. PARIENTE, J., concurs in result with an opinion. LEWIS and CANADY, JJ., concur in result.