PER CURIAM. We have for review Ernest Whitfield’s appeal of the circuit court’s order denying Whitfield’s motion filed pursuant to Florida Rule of Criminal Procedure 3.851. This Court has jurisdiction. See art. V, § 3(b)(1), Fla; Const. Whitfield’s motion sought relief pursuant to the United States Supreme Court’s decision in Hurst v. Florida, — U.S.-, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), and our decision on remand in Hurst v. State (Hurst), 202 So.3d 40 (Fla. 2016), cert. denied, — U.S. -, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017). This Court stayed Whitfield’s appeal pending the disposition of Hitchcock v. State, 226 So.3d 216 (Fla. 2017), cert. denied, — U.S. -, 138 S.Ct. 513, 199 L.Ed.2d 396 (2017). After this Court decided Hitchcock, Whitfield responded to this Court’s order to show cause arguing why Hitchcock should not be dispositive in this case. After reviewing Whitfield’s response to the order to show cause, as well as the State’s arguments in reply, we conclude that Whitfield is not entitled to relief. Whitfield was sentenced to death following a jury’s recommendation for death by a vote of seven to five. Whitfield v. State, 706 So.2d 1, 3 (Fla. 1997). Whitfield’s sentence of death became final in 1998. Whitfield v. Florida, 525 U.S. 840, 119 S.Ct. 103, 142 L.Ed.2d 82 (1998). Thus, Hurst does not apply retroactively to Whitfield’s sentence of death. See Hitchcock, 226 So.3d at 217. Accordingly, we affirm the denial of Whitfield’s motion. The Court having carefully considered all arguments raised by Whitfield, we caution that any rehearing motion containing reargument will be stricken. It is so ordered. LÁBARGA, C.J., and QUINCE, ' ' POLSTON, and LAWSON, JJ., concur. PARIENTE, J., concurs in result with an opinion. LEWIS and CANADY, JJ., concur in result.