PER CURIAM. We have for review Robert R, Gordon’s appeal of the circuit court’s order denying Gordon’s motion filed pursuant to Florida Rule of Criminal Procedure 3.861. This Court has jurisdiction. See art. V, § 3(b)(1), Fla; Const. Gordon’s motion sought relief pursuant to the United States. Supreme Court’s decision in Hurst v. Florida, — U.S. -, 136 S.Ct. 616, 193 L.Ed.2d 604 (2016), and our, decision on remand in Hurst v. State (Hurst), 202 So.3d 40. (Fla. 2016), cert. denied, — U.S. -, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017). This Court stayed Gordon’s appeal pending the disposition of Hitchcock v. State, 226 So.3d 216 (Fla. 2017), cert. denied, — U.S. -, 138 S.Ct. 513, 199 L.Ed.2d 396 (2017). After this Court decided Hitchcock, Gordon responded to this Court’s order to show cause arguing why Hitchcock should not be dispositive in this case. After reviewing Gordon’s response to the order to show cause, as well as the State’s arguments in reply, we conclude that Gordon is not entitled to relief. Gordon was sentenced to death following a jury’s recommendation for death by a vote of nine to three, and his sentence became final in 1998. Gordon v. State, 704 So.2d 107, 110 (Fla. 1997). Thus, Hurst does not apply retroactively to Gordon’s sentence of death. See Hitchcock, 226 So.3d at 217. Accordingly, we affirm the denial of Gordon’s motion. The Court having carefully considered all arguments raised by Gordon, we caution that any rehearing motion containing reargument will be stricken. It is so ordered. LABARGA, C.J., and QUINCE, POLSTON, and LAWSON, JJ., concur. PARIENTE, J., concurs in result with an opinion. LEWIS and CANADY, JJ., concur in result.