PER CURIAM. We have for review Joshua D. Nelson’s appeal of the circuit court’s order denying Nelson’s motion filed pursuant to Florida Rule ■ of Criminal Procedure 3.851. This Court has jurisdiction. See art. V, § 3(b)(1), Fla. Const. Nelson’s motion sought relief pursuant to the United States Supreme Court’s decision in Hurst v. Florida, — U.S. -, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), and our decision on remand in Hurst v. State (Hurst), 202 So.3d 40 (Fla. 2016), cert-denied, — U.S. -, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017). This Court stayed Nelson’s appeal pending the disposition of Hitchcock v. State, 226 So.3d 216 (Fla. 2017), cert. denied, — U.S. -, 138 S.Ct. 513, 199 L.Ed.2d 396 (2017). After this Court decided Hitchcock, Nelson responded to this Court’s order to show cause arguing why Hitchcock should not be dispositive in this case. After reviewing Nelson’s' response to the order to show cause, as wel as the State’s arguments in reply, we conclude that Nelson is not entitled to relief. Nelson was sentenced to death following a jury’s unanimous recommendation for death. Nelson v. State, 748 So.2d 237, 240 (Fla. 1999). His sentence of death became final in 2000. Nelson v. Florida, 528 U.S. 1123, 120 S.Ct. 950, 145 L.Ed.2d 825 (2000). Thus, Hurst does not apply retroactively to Nelson’s sentence of death. See Hitchcock, 226 So.3d at 217. Accordingly, we affirm the denial of Nelson’s motion. The Court having carefully considered all arguments raised by Nelson, we caution that any rehearing motion' containing rear-gument will be stricken; It is so ordered. LABARGA, C.J.,- and QUINCE, POLSTON, and LAWSON, JJ., concur.- PARIENTE, J., concurs in result with an opinion. LEWIS and CANADY, JJ., concur in result.