# Supreme Court of Florida

_____

No. SC17-1401
_____

**EMANUEL JOHNSON,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

_____

No. SC17-1402
_____

**EMANUEL JOHNSON,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

[February 2, 2018]

PER CURIAM.

We have for review Emanuel Johnson's appeals of the circuit court's order denying his motions filed pursuant to Florida Rule of Criminal Procedure 3.851. This Court has jurisdiction. See art. V, § 3(b)(1), Fla. Const.

Johnson's motions sought relief pursuant to the United States Supreme Court's decision in Hurst v. Florida, 136 S. Ct. 616 (2016), and our decision on remand in Hurst v. State (Hurst), 202 So. 3d 40 (Fla. 2016), cert. denied, 137 S. Ct. 2161 (2017). This Court stayed Johnson's appeals pending the disposition of Hitchcock v. State, 226 So. 3d 216 (Fla. 2017), cert. denied, No. 17-6180, 2017 WL 4355572 (U.S. Dec. 4, 2017). After this Court decided Hitchcock, Johnson responded to this Court's orders to show cause arguing why Hitchcock should not be dispositive in his cases.

After reviewing Johnson's responses to the order to show cause, as well as the State's arguments in reply, we conclude that Johnson is not entitled to relief. Johnson was sentenced to death for the murder of Iris White following a jury's recommendation for death by a vote of eight to four. Johnson v. State, 660 So. 2d 637, 641 (Fla. 1995). Johnson was also sentenced to death for the murder of Jackie McCahon following a jury's recommendation for death by a vote of ten to two. Johnson v. State, 660 So. 2d 648, 652 (Fla. 1995). Both of Johnson's sentences of death became final in 1996. Johnson v. Florida, 116 S. Ct. 1550, 1550 (1996); Johnson v. Florida, 116 S. Ct. 1550, 1551 (1996). Thus, Hurst does not apply

retroactively to Johnson's sentences of death.  See Hitchcock, 226 So. 3d at 217.

Accordingly, we affirm the denial of Johnson's motions.

The Court having carefully considered all arguments raised by Johnson, we caution that any rehearing motion containing reargument will be stricken.  It is so ordered.

LABARGA, C.J., and POLSTON, and LAWSON, JJ., concur.
PARIENTE, J., concurs in result with an opinion.
LEWIS and CANADY, JJ., concur in result.
QUINCE, J., recused.

PARIENTE, J., concurring in result.

I concur in result because I recognize that this Court's opinion in Hitchcock v. State, 226 So. 3d 216 (Fla. 2017), cert. denied, 138 S. Ct. 513 (2017), is now final.  However, I continue to adhere to the views expressed in my dissenting opinion in Hitchcock.

An Appeal from the Circuit Court in and for Sarasota County,
    Hunter W. Carroll, Judge - Case Nos. 581988CF003198XXXANC
    and 581988CF003199XXXANC

James Vincent Viggiano, Jr., Capital Collateral Regional Counsel, Mark S. Gruber and Julie A. Morley, Assistant Capital Collateral Regional Counsel, Middle Region, Temple Terrace, Florida,

    for Appellant

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Timothy A. Freeland, Senior Assistant Attorney General, Tampa, Florida,

    for Appellee