PARIENTE, J., dissenting.
In Hall v. State (Hall II ), 212 So.3d 1001 (Fla. 2017), this Court denied Hall relief under Hurst[7] based on the jury's unanimous recommendation for death. 212 So.3d at 1035.[8] That opinion, which focused solely on the jury's unanimous recommendation for death, did not discuss the effect of the stricken cold, calculated, and premeditated (CCP) aggravator on the Hurst harmless error analysis.
In Hall II , I concurred in result without an opinion, and Justice Quince dissented as to the majority's denial of Hurst relief, explaining that some of the aggravating *218 factors required a factual determination that this Court could not assume the jury made unanimously despite the jury's unanimous recommendation for death. 212 So.3d at 1036-37 (Quince, J., concurring in part and dissenting in part). Concurring in result in Hall II , I did not consider the effect of the stricken CCP aggravator on this Court's Hurst harmless error analysis.
In this case, the per curiam opinion addresses the stricken CCP aggravating factor and finds our opinion in Wood v. State , 209 So.3d 1217 (Fla. 2017), distinguishable. Per curiam op. at 213-14. Although Wood's death sentence was reversed on proportionality grounds, Wood , 209 So.3d at 1221, as I explained on rehearing in Middleton v. State , 42 Fla. L. Weekly S637, 2017 WL 2374697 (Fla. June 1, 2017), this Court's opinion in Wood supports the conclusion that a stricken aggravating factor affects the Hurst harmless error analysis. Id. at S637-38, *1 (Pariente, J., dissenting).
In Wood , this Court stated: "Our inquiry post- Hurst must necessarily be the effect of any error on the jury's findings, rather than whether beyond a reasonable doubt the trial judge would have still imposed death." 209 So.3d at 1233. Applying this statement on rehearing in Middleton , I explained the "serious[ ] flaw[ ]" in the majority's harmless error analysis:
Instead of focusing on the effect of the error on the jury, the majority opinion conducted an erroneous and contradictory harmless error analysis that did not consider the effect of striking two of the four aggravating factors-avoid arrest and CCP-on the jury and instead focused on the effect the improper aggravators had on the trial court.... When the correct harmless error analysis, pursuant to our precedent, is conducted, I conclude that Middleton is entitled to a new penalty phase.
Without even referencing, much less considering, the two stricken aggravators, the majority relied only on the jury's unanimous verdict to determine that the Hurst error in Middleton's case was harmless beyond a reasonable doubt. Regardless of whether the failure to consider the effect of the two stricken aggravators on the jury was an oversight, it is clear that the analysis is incomplete .
Middleton , 42 Fla. L. Weekly at S638, 2017 WL 2374697, at *1 (Pariente, J., dissenting) (citations omitted) (emphasis added). Like in Middleton , in denying Hall Hurst relief in Hall II , this Court did not consider the effect of the stricken CCP aggravating factor. Per curiam op. at 214.
As I also explained in Middleton , a stricken aggravating factor significantly affects the Hurst harmless error analysis:
Indeed, the essence of the United States Supreme Court's decision in Hurst v. Florida , --- U.S. ----, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), was refocusing Florida's capital sentencing scheme on the jury .... Id. at 624. As this Court stated in [State v. DiGuilio] DiGuilio v. State , 491 So.2d 1129 (Fla. 1986), "Harmless error is not a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence. The focus is on the effect of the error on the trier-of-fact." Id. at 1139. Therefore, in determining whether the Hurst error ... was harmless beyond a reasonable doubt, we must focus on how the stricken aggravating factors could have affected the jury's recommendation for death....
Because the jury ... was instructed on the ... aggravating factors that this Court determined were not supported by competent, substantial evidence, this Court must consider the impact that the inappropriate aggravating factors had *219 on the jury's ultimate verdict in determining whether the Hurst error was harmless beyond a reasonable doubt. Despite the jury's unanimous recommendation for death, this Court has no way of knowing that the jury would have reached the same verdict if it had been instructed on only the ... valid aggravators .... Nor can we assume that the jury would have unanimously found the remaining aggravators sufficient to impose death or unanimously found that the aggravation (without the two stricken aggravating factors) outweighed the mitigation.
In short, it is sheer speculation to assume that even without [the stricken] aggravators, the jury would have still unanimously recommended death. Thus, the Court is in no position to conclude that the unanimous jury recommendation renders the Hurst error harmless beyond a reasonable doubt.
Middleton , 42 Fla. L. Weekly at S638, 2017 WL (Pariente, J., dissenting) (emphasis added) (citations omitted).
Likewise, in Hall's case, this Court has no way of knowing whether the unsupported CCP aggravating factor contributed to the jury's unanimous recommendation for death, or whether it affected the jury's conclusion that the aggravating factors were sufficient to impose death and that the aggravation outweighed the mitigation. See Hurst , 202 So.3d at 44. In fact, the stricken aggravating factor in Hall's case "is among the most serious aggravators set out in the statutory sentencing scheme." Wood , 209 So.3d at 1228 (quoting Deparvine v. State , 995 So.2d 351, 381 (Fla. 2008) ). Thus, I would conclude that because of the stricken CCP aggravating factor in Hall's case, the State cannot establish that the Hurst error is harmless beyond a reasonable doubt and would grant Hall a new penalty phase.
Accordingly, I dissent.
QUINCE, J., concurs.

Hurst v. State (Hurst ), 202 So.3d 40 (Fla. 2016), cert. denied , --- U.S. ----, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017) ; see Hurst v. Florida , --- U.S. ----, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016).

Despite having already denied Hall Hurst relief, this Court has addressed more than one request for Hurst relief from multiple defendants based on alternative arguments under the Sixth and Eighth Amendments. See Hitchcock v. State , 226 So.3d 216, 217 n.2 (Fla.), cert. denied , --- U.S. ----, 138 S.Ct. 513, 199 L.Ed.2d 396 (2017).