# Supreme Court of Florida

———————

No. SC17-690

———————

**SCOTT MANSFIELD,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

[July 5, 2018]

PER CURIAM.

We have for review Scott Mansfield's appeal of the circuit court's order denying Mansfield's motion filed pursuant to Florida Rule of Criminal Procedure 3.851. This Court has jurisdiction. *See* art. V, § 3(b)(1), Fla. Const.

Mansfield's motion sought relief pursuant to the United States Supreme Court's decision in *Hurst v. Florida*, 136 S. Ct. 616 (2016), and our decision on remand in *Hurst v. State (Hurst)*, 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017). This Court stayed Mansfield's appeal pending the disposition of *Hitchcock v. State*, 226 So. 3d 216 (Fla.), *cert. denied*, 138 S. Ct. 513 (2017).

After this Court decided *Hitchcock*, Mansfield responded to this Court's order to show cause arguing why *Hitchcock* should not be dispositive in this case.

Because Mansfield's response to the order to show cause appeared to raise issues independent of *Hurst*, we issued an order directing briefing on the "non-*Hurst* related issues." Having reviewed Mansfield's initial brief, the State's answer brief, and Mansfield's reply brief, we conclude that Mansfield has not raised any issue that does not depend on the retroactive application of *Hurst* and that Mansfield is not entitled to relief.[1] Mansfield was sentenced to death following a jury's unanimous recommendation for death. *Mansfield v. State*, 758 So. 2d 636, 642 (Fla. 1997). Mansfield's sentence of death became final in 2001. *Mansfield v. Florida*, 532 U.S. 998 (2001). Thus, *Hurst* does not apply retroactively to Mansfield's sentence of death. *See Hitchcock*, 226 So. 3d at 217. Accordingly, we affirm the denial of Mansfield's motion.

The Court having carefully considered all arguments raised by Mansfield, we caution that any rehearing motion containing reargument will be stricken.

---

1. Although Mansfield has argued claims related to the State's presentation of alternate theories of murder that would otherwise appear facially to be independent of *Hurst* and yet untimely, he argues that they are timely because they were filed within one year of the issuance of *Hurst v. Florida*. Because *Hurst v. Florida*, as interpreted by this Court in *Hurst*, does not apply retroactively to Mansfield's case, it does not open the door to otherwise untimely claims under Florida Rule of Criminal Procedure 3.851(d)(2)(B).

It is so ordered.

LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.
CANADY, C.J., concurs in result.
PARIENTE, J., concurs in result with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

PARIENTE, J., concurring in result.

Because Mansfield's jury's recommendation for death was unanimous, he would not be entitled to *Hurst*[2] relief if *Hurst* applied retroactively to his case. Therefore, I agree that he is not entitled to relief. As to retroactivity, I continue to adhere to the views expressed in my dissenting opinion in *Hitchcock*.[3]

An Appeal from the Circuit Court in and for Osceola County,
    Frederick J. Lauten, Judge - Case No. 491995CF002078XXCRXX

James Vincent Viggiano, Jr., Capital Collateral Regional Counsel, James L. Driscoll Jr., David Dixon Hendry, and Gregory W. Brown, Assistant Capital Collateral Regional Counsel, Middle Region, Temple Terrace, Florida,

    for Appellant

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Stephen D. Ake, Senior Assistant Attorney General, Tampa, Florida,

---

2. *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017).

3. *Hitchcock v. State*, 226 So. 3d 216, 220-23 (Fla.) (Pariente, J., dissenting), *cert. denied*, 138 S. Ct. 513 (2017); *see Asay v. State* (*Asay V*), 210 So. 3d 1, 32-37 (Fla. 2016) (Pariente, J., concurring in part and dissenting in part), *cert. denied*, 138 S. Ct. 41 (2017).

for Appellee