# Supreme Court of Florida

————————

No. SC17-1674
————————

**ROBERT IRA PEEDE,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

[July 19, 2018]

PER CURIAM.

We have for review Robert Ira Peede's appeal of the postconviction court's order denying Peede's motion filed pursuant to Florida Rule of Criminal Procedure 3.851. This Court has jurisdiction. *See* art. V, § 3(b)(1), Fla. Const.

Peede's motion sought relief pursuant to the United States Supreme Court's decision in *Hurst v. Florida*, 136 S. Ct. 616 (2016), and our decision on remand in *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017). Peede responded to this Court's order to show cause arguing why *Hitchcock v. State*, 226 So. 3d 216 (Fla.), *cert. denied*, 138 S. Ct. 513 (2017), should not be dispositive in this case. After reviewing Peede's response to the

order to show cause, as well as the State's arguments in reply, we ordered full briefing on Peede's non-*Hurst* related claim.[1]

Having reviewed the arguments presented, we conclude that the postconviction court properly denied Peede's claims. Peede was sentenced to death following a jury's recommendation for death by a vote of eleven to one. *See Peede v. State*, 474 So. 2d 808, 810 (Fla. 1985).[2] His sentence of death became final in 1986. *Peede v. Florida*, 477 U.S. 909 (1986). Thus, *Hurst* does not apply retroactively to Peede's sentence of death. *See Hitchcock*, 226 So. 3d at 217. Accordingly, we affirm the postconviction court's denial of Peede's motion.

After carefully considering all arguments raised by Peede, we caution that any rehearing motion containing reargument will be stricken.

---

1. Peede argued that the postconviction court erred in denying his claim that Governor Scott's reassignment of Peede's case from State Attorney Aramis Ayala to State Attorney Brad King violates Peede's rights to due process and equal protection and injects arbitrariness into his capital proceedings in violation of the Eighth Amendment to the United States Constitution. We conclude that this issue is moot because the United States Circuit Court of Appeals for the Eleventh Circuit reversed the United States District Court for the Middle District of Florida's granting a new penalty phase, and the Supreme Court denied certiorari review. *Peede v. Attorney General*, 715 Fed. App'x 923, 924 (11th Cir. 2017), *cert. denied*, *Peede v. Jones*, 2018 WL 3096781 (U.S. June 25, 2018).

2. Although the jury's vote to recommend death was not included in this Court's opinion on direct appeal, the direct appeal record establishes that Peede's jury recommended death by a vote of eleven to one.

It is so ordered.

LEWIS, QUINCE, POLSTON, and LABARGA, JJ., concur.
CANADY, C.J., concurs in result.
PARIENTE, J., concurs in result with an opinion.
LAWSON, J., recused.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

PARIENTE, J., concurring in result.

As in prior *Hitchcock*[3]-related cases, I concur in result because I recognize that this Court's opinion in *Hitchcock* is now final. However, I continue to adhere to the views expressed in my dissenting opinion in *Hitchcock* that *Hurst*[4] should apply retroactively to defendants like Peede. *Hitchcock*, 226 So. 3d at 220-21 (Pariente, J., dissenting).

Applying *Hurst* to Peede's case, in addition to the jury's nonunanimous recommendation for death by a vote of eleven to one, this Court determined on direct appeal that the cold, calculated, and premeditated (CCP) aggravating factor was not supported by the evidence. *Peede v. State*, 474 So. 2d 808, 817 (Fla. 1985); *see Middleton v. State*, 42 Fla. L. Weekly S637, 2017 WL 2374697, at *1-2 (Fla. June 1, 2017) (Pariente, J., dissenting) (explaining how a stricken aggravating

---

3. *Hitchcock v. State*, 226 So. 3d 216 (Fla.), *cert. denied*, 138 S. Ct. 513 (2017).

4. *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017); *see Hurst v. Florida*, 136 S. Ct. 616 (2016).

factor affects the *Hurst* harmless error analysis). The Court determined that "there was no showing of the heightened premeditation, calculation, or planning that must be proven to support a finding of" the CCP aggravating factor. *Peede*, 474 So. 2d at 817. Thus, if *Hurst* applied to Peede's case, I would conclude that the *Hurst* error was not harmless beyond a reasonable doubt and would, accordingly, grant Peede a new penalty phase.

An Appeal from the Circuit Court in and for Orange County,
    Marc L. Lubet, Judge - Case No. 481983CF001682000AOX

Linda McDermott of McClain & McDermott, P.A., Estero, Florida,

    for Appellant

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Scott A. Browne, Senior Assistant Attorney General, Tampa, Florida,

    for Appellee