# Supreme Court of Florida

_____

No. SC19-203
_____

**LEONARDO FRANQUI,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

May 7, 2020

PER CURIAM.

Leonardo Franqui appeals an order denying his claim of intellectual disability, raised in successive motions for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.851. We have jurisdiction. *See* art. V, § 3(b)(1), Fla. Const. We affirm the denial of postconviction relief.

## FACTS AND PROCEDURAL BACKGROUND

Franqui was convicted of first-degree murder and sentenced to death in two separate cases. He was convicted of the 1991 murder of Raul Lopez (the Hialeah case), and the trial court sentenced him to death after the jury recommended death by a vote of nine to three. *See Franqui v. State*, 699 So. 2d 1312, 1316 (Fla. 1997).

On direct appeal, this Court vacated Franqui's convictions for attempted murder but affirmed the remaining convictions and sentences. *Id.* at 1329. Franqui was also convicted of the 1992 murder of law enforcement officer Steven Bauer (the North Miami case). On direct appeal, this Court affirmed Franqui's convictions but reversed for a new penalty phase. *See Franqui v. State*, 699 So. 3d 1332 (Fla. 1997). On resentencing, the trial court sentenced Franqui to death after the jury recommended death by a vote of ten to two. *See Franqui v. State*, 804 So. 2d 1185, 1190-91 (Fla. 2001). This Court affirmed Franqui's death sentence on direct appeal. *Id.* at 1199.

Franqui's initial motion for postconviction relief in the Hialeah case raised, among other issues, a claim that he is intellectually disabled. This Court affirmed the circuit court's denial of postconviction relief. *See Franqui v. State*, 59 So. 3d 82 (Fla. 2011). Although Franqui's initial postconviction appeal in the North Miami case raised an ineffective assistance of counsel claim alleging mental illness, Franqui did not argue that he is intellectually disabled. *See Franqui v. State*, 965 So. 2d 22, 29-30 (Fla. 2007). This Court affirmed the circuit court's denial of relief, *see id.* at 26, 38, and Franqui later raised a claim of intellectual disability in a successive motion for postconviction relief. The circuit court summarily denied the claim, and this Court affirmed. *See Franqui v. State*, 118 So. 3d 807 (Fla. 2013) (unpublished opinion).

In the wake of the United States Supreme Court's decision in *Hall v. Florida*, 572 U.S. 701 (2014), Franqui filed successive motions for postconviction relief in both of his capital cases. Relying on *Hall*, Franqui's motions asserted that the denials of his previous claims of intellectual disability were based on an improper interpretation of Florida's intellectual disability statute, and that as a result, he was entitled to an additional evidentiary hearing. The circuit court summarily denied both motions, and Franqui appealed to this Court.

In 2017, in light of this Court's decision in *Walls v. State*, 213 So. 3d 340 (Fla. 2016) (holding that *Hall v. Florida* is to be retroactively applied), this Court reversed the circuit court's summary denials of Franqui's claims and remanded for a single evidentiary hearing on the issue of intellectual disability. *See Franqui v. State*, 211 So. 3d 1026, 1032 (Fla. 2017).

Following an evidentiary hearing in 2017, the circuit court denied Franqui's intellectual disability claim. Franqui now appeals the circuit court's order. He also argues that his death sentences are invalid under *Hurst v. Florida*, 136 S. Ct. 616 (2016), and *Hurst v. State*, 202 So. 3d 40 (Fla. 2016), *receded from in part by State v. Poole*, 45 Fla. L. Weekly S41 (Fla. Jan. 23, 2020), *clarified*, 45 Fla. L. Weekly S121 (Fla. Apr. 2, 2020). As we explain below, we affirm the denial of postconviction relief on the issue of Franqui's intellectual disability, and we deny Franqui's *Hurst*-related claims.

# ANALYSIS

## I. Intellectual Disability

The determination of intellectual disability is subject to a three-prong test: (1) significantly subaverage intellectual functioning; (2) concurrent deficits in adaptive behavior; and (3) manifestation of the condition before age eighteen. § 921.137(1), Fla. Stat. (2017). Subaverage intellectual functioning is defined as "performance that is two or more standard deviations from the mean score on a standardized intelligence test." Fla. R. Crim. P. 3.203(b).

Pursuant to *Cherry v. State*, 959 So. 2d 702, 712-13 (Fla. 2007), in determining significantly subaverage intellectual functioning, this Court previously applied a bright-line IQ score cutoff of 70, which is two standard deviations below the mean IQ score of 100. Under the *Cherry* analysis, where a defendant could not establish that he has an IQ of 70 or below, the circuit court need not reach the remaining two prongs of the intellectual disability determination. *Id.* at 714.

However, in *Hall*, the United States Supreme Court held that Florida's strict IQ test score cutoff of 70 "creates an unacceptable risk that persons with intellectual disability will be executed, and thus is unconstitutional." 572 U.S. at 704. The Court stated that when assessing the subaverage intellectual functioning prong, courts must take into account the standard error of measurement (SEM) of IQ tests. *Id.* at 722-23. Moreover, "when a defendant's IQ test score falls within

the test's acknowledged and inherent margin of error, the defendant must be able to present additional evidence of intellectual disability, including testimony regarding adaptive deficits." *Id.* at 723.

Franqui argues that the circuit court erred in not conducting the holistic analysis of intellectual disability set forth in *Hall*. We disagree. In reviewing the circuit court's determination that Franqui is not intellectually disabled, "this Court examines the record for whether competent, substantial evidence supports the determination of the trial court." *State v. Herring*, 76 So. 3d 891, 895 (Fla. 2011). "If the defendant fails to prove any one of these components, the defendant will not be found to be intellectually disabled." *Salazar v. State*, 188 So. 3d 799, 812 (Fla. 2016) (citing *Nixon v. State*, 2 So. 3d 137, 142 (Fla. 2009)). "This Court does not reweigh the evidence or second-guess the circuit court's findings as to the credibility of witnesses." *Brown v. State*, 959 So. 2d 146, 149 (Fla. 2007) (citing *Trotter v. State*, 932 So. 2d 1045, 1050 (Fla. 2006)).

First, we reject Franqui's argument that this Court should recede from *Salazar*, as well as his challenge to the clear and convincing burden of proof set forth in section 921.137(4), Florida Statutes. In the proceedings below, Franqui did not timely present his challenge to the statutory clear and convincing evidence standard, so this issue was not preserved for review on appeal.

Second, we reject Franqui's argument that the circuit court failed to conduct a proper review of his intellectual disability claim. In its order denying postconviction relief, the circuit court evaluated each of the three intellectual disability prongs. Having reviewed the extensive evidence relating to Franqui's IQ, the court concluded that Franqui's IQ scores, when taking the SEM into account, did not demonstrate significantly subaverage intellectual functioning, and did not meet the first prong, stating: "Mr. Franqui has not shown, by clear and convincing evidence, that his intellectual functioning is two standard deviations below the norm of 100." In a footnote, the court indicated that it did not consider Franqui's score on the Revised Beta Test because of expert testimony conceding that it was not a recommended IQ test. Competent substantial evidence supports the court's conclusion.

The circuit court continued its analysis and considered the second prong, whether Franqui exhibited concurrent deficits in adaptive behavior. The court evaluated the conceptual, social, and practical domains of adaptive behavior, and it concluded that Franqui failed to demonstrate adaptive deficits. Competent substantial evidence supports the court's conclusion.

The circuit court then considered the third prong, manifestation of adaptive deficits before age eighteen, and concluded: "The evidence presented is overwhelming that, prior to his incarceration, the Defendant functioned normally

in society and, while incarcerated the Defendant has shown no adaptive deficits. Franqui has failed to prove, by clear and convincing evidence, any concurrent deficits that would satisfy the third prong of the intellectual disability test." Competent substantial evidence supports the circuit court's conclusions as to all three prongs of the intellectual disability analysis.

Third, we reject Franqui's claim that he is entitled to relief under *Moore v. Texas*, 137 S. Ct. 1039 (2017). In evaluating whether Franqui had significantly subaverage intellectual functioning, the circuit court accounted for the SEM and concluded that Franqui's lowest IQ score was a 71. Despite finding that Franqui did not fall "within the clinically established range for intellectual-functioning deficits," 137 S. Ct. at 1050, the trial court considered other evidence of intellectual disability and evaluated the second and third prongs of the intellectual disability analysis.

## II. *Hurst v. Florida* and *Hurst v. State*

Franqui also argues that he is entitled to relief pursuant to *Hurst v. Florida*, 136 S. Ct. 616 (2016), and *Hurst v. State*, 202 So. 3d 40 (Fla. 2016), *receded from in part by State v. Poole*, 45 Fla. L. Weekly S41 (Fla. Jan. 23, 2020), *clarified*, 45 Fla. L. Weekly S121 (Fla. Apr. 2, 2020). However, neither case provides a basis for relief because in each of Franqui's cases, a jury unanimously found the existence of an aggravating factor beyond a reasonable doubt. *See Poole*, 45 Fla.

L. Weekly at S48 ("reced[ing] from *Hurst v. State* except to the extent it requires a jury unanimously to find the existence of a statutory aggravating circumstance beyond a reasonable doubt"); *see also McKinney v. Arizona*, 140 S. Ct. 702, 707 (2020) (stating that under *Hurst v. Florida*, "a jury must find the aggravating circumstance that makes the defendant death eligible," but a jury "is not constitutionally required to weigh the aggravating and mitigating circumstances or to make the ultimate sentencing decision within the relevant sentencing range"). In the Hialeah case, Franqui was also convicted of attempted robbery, which was found as an aggravating factor. In the North Miami case, Franqui was also convicted of robbery, which was also found as an aggravating factor. These findings satisfy the requirements of *Hurst v. Florida* and *Hurst v. State*.

Moreover, Franqui's argument that *Hurst v. Florida* compels a jury determination of intellectual disability is without merit. Under Florida law, both the statute and the rule governing intellectual disability in capital cases provide that the determination shall be made by a judge, not a jury. *See* § 921.137, Fla. Stat. (2017); Fla. R. Crim. P. 3.203(e). Further, intellectual disability is a categorical bar to execution, and *Hurst v. Florida* does not address findings that render a defendant ineligible to be executed.

For the foregoing reasons, we affirm the denial of Franqui's claim of intellectual disability.

It is so ordered.

POLSTON, LAWSON, and MUÑIZ, JJ., concur.
CANADY, C.J., concurs in result with an opinion.
LABARGA, J., concurs in result with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

CANADY, C.J., concurring in result.

I agree that the decision of the circuit court should be affirmed. But I would reject the intellectual disability claim on the ground that *Hall v. Florida*, 572 U.S. 701 (2014), should not be given retroactive effect. *See Walls v. State*, 213 So. 3d 340, 350-52 (Fla. 2016) (Canady, J., dissenting).

LABARGA, J., concurring in result.

I agree that the circuit court did not err in denying Franqui's intellectual disability claim. I also agree with the denial of Franqui's *Hurst*-related claims because this Court held that *Hurst v. Florida*[1] and *Hurst v. State*[2] do not apply retroactively to cases where the defendant's death sentence was final when *Ring v. Arizona*, 536 U.S. 584 (2002), was decided. *See Hitchcock v. State*, 226 So. 3d 216, 217 (Fla. 2017).

---

1. *Hurst v. Florida*, 136 S. Ct. 616 (2016).

2. *Hurst v. State*, 202 So. 3d 40 (Fla. 2016), *receded from in part by State v. Poole*, 45 Fla. L. Weekly S41 (Fla. Jan. 23, 2020).

- 9 -

However, rather than rely on *Hitchcock*, the majority relies on *State v. Poole*, 45 Fla. L. Weekly S41 (Fla. Jan. 23, 2020), *clarified*, 45 Fla. L. Weekly S121 (Fla. Apr. 2, 2020), a wrongfully decided opinion to which I strenuously dissented. Because I conclude that the denial of *Hurst* relief in this case is correctly based on *Hitchcock* and not *Poole*, I can only concur in the result.

An Appeal from the Circuit Court in and for Miami-Dade County,
    Ellen Sue Venzer, Judge - Case Nos. 131992CF002141B000XX and
    131992CF006089B000XX

Todd G. Scher of Law Office of Todd G. Scher, P.L., Hollywood, Florida; and Martin J. McClain of McClain & McDermott, P.A., Wilton Manors, Florida,

    for Appellant

Ashley Moody, Attorney General, Tallahassee, Florida, and Lisa-Marie Lerner, Assistant Attorney General, West Palm Beach, Florida,

    for Appellee