PER CURIAM. We have for review Jack R. Sliney’s appeal of the circuit court’s order denying Sliney’s motion filed pursuant to Florida Rule, of Criminal Procedure 3.851. This Court has jurisdiction. See art. V, § 3(b)(1), Fla. Const. Sliney’s motion sought relief pursuant to the United States Supreme Court’s decision in Hurst v. Florida, — U.S. -, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), and-our decision on remand in Hurst v. State (Hurst), 202 So.3d 40 (Fla. 2016), cert. denied, — U.S. -, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017). This Court stayed Sli-ney’s appeal pending the disposition of Hitchcock v. State, 226 So.3d 216 (Fla. 2017), cert. denied, — U.S. -, 138 S.Ct. 513, 199 L.Ed.2d 396 (2017). After this Court decided Hitchcock, Sliney responded to this Court’s order to show cause arguing why Hitchcock should not be dispositive in this case. After reviewing Sliney’s response to the order to show cause, as well as the State’s arguments in reply, we conclude that Sli-ney is not entitled to relief. Sliney was sentenced to death following a jury’s recommendation for death by a vote of seven to five. Sliney v. State, 699 So.2d 662, 667 (Ela. 1997). His sentence of death became final in 1998. Sliney v. Florida, 522 U.S. 1129, 118 S.Ct. 1079, 140 L.Ed.2d 137 (1998). Thus,-Hurst does not apply retroactively to Sliney’s sentence of death. See Hitchcock, 226 So.3d at 217. Accordingly, we affirm the- denial of .Sliney’s motion. The Court having carefully considered all arguments raised by Sliney, we caution that any rehearing motion containing rear-gument will be stricken. It is so ordered. LABARGA, C.J., and QUINCE, POLSTON, and LAWSON, JJ., concur. PARIENTE, J., concurs in result with an opinion. LEWIS and CANADY, JJ., concur in result.