# Supreme Court of Florida

THURSDAY, APRIL 26, 2018

**CASE NO.: SC17-869**
Lower Tribunal No(s).:
481996CF005639000AOX

STEVEN MAURICE EVANS        vs.        STATE OF FLORIDA

Appellant(s)                                              Appellee(s)

Appellant's Motion for Rehearing is hereby denied.

LABARGA, C.J., and LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.
PARIENTE, J., concurs in result with an opinion.

PARIENTE, J., concurring in result.

I concur in the denial of rehearing because I recognize that this Court's decisions regarding *Hurst*[1] retroactivity are final.[2] I write separately to emphasize how this case demonstrates the unconstitutional arbitrariness created by this

---

1. *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017); *see Hurst v. Florida*, 136 S. Ct. 616 (2016).

2. *See, e.g.*, *Hitchcock v. State*, 226 So. 3d 216 (Fla.), *cert. denied*, 138 S. Ct. 513 (2017); *Asay v. State* (*Asay V*), 210 So. 3d 1 (Fla. 2016), *cert. denied*, 138 S. Ct. 41 (2017).

Court's *Ring*[3] cutoff. *See Evans v. State*, 43 Fla. L. Weekly S29 (Fla. Jan. 24, 2018).

## BACKGROUND

Evans was convicted of first-degree murder for crimes committed on April 26, 1996, and sentenced to death following a jury's nonunanimous recommendation for death. *Evans v. State*, 800 So. 3d 182, 185-86 (Fla. 2001). This Court's opinion on direct appeal in October 2001 affirmed Evans' first-degree murder conviction and sentence of death. *Id.* at 187. This Court denied rehearing in December 2001. *Id.*

Following this Court's opinion on direct appeal, Evans' counsel, George Burden, an assistant public defender who has handled many capital appeals, attempted to file a petition for a writ of certiorari with the United States Supreme Court. According to a letter from the United States Supreme Court to Mr. Burden dated April 22, 2002, the Supreme Court received the petition on March 20, 2002, but returned it for failure to comply with several Supreme Court rules. The Supreme Court's letter gave Mr. Burden sixty days to "correct and resubmit" the

---

3. *Ring v. Arizona*, 536 U.S. 584 (2002).

petition; otherwise, "the petition [would] not be filed." Sixty days from the date of the Supreme Court's letter was June 22, 2002. For "unknown reasons," neither Evans nor Mr. Burden submitted a corrected petition to the United States Supreme Court. Mot. for Reh'g at 2. As a result, this Court determined in its January 24, 2018, opinion that Evans' sentence of death became final in March 2002. *Evans*, 43 Fla. L. Weekly at S29; *see* Fla. R. Crim. P. 3.851(d)(1). Accordingly, this Court denied Evans' claim to *Hurst* relief pursuant to *Hitchcock*. *Id.*

## ANALYSIS

In his motion for rehearing, Evans argues that this Court should grant rehearing for two reasons: (1) this Court's January 24, 2018, opinion incorrectly determined that his sentence of death became final in March 2002, and (2) "[a]t the very least, this Court should remand this case for an evidentiary hearing to determine whether [Evans'] mental illness was a factor in the non-refiling of the certiorari petition" with the United States Supreme Court. Mot. for Reh'g at 2. Each is addressed in turn below.

**1. Date Evans' Sentence of Death Became Final**

First, Evans argues that this Court should have determined that his sentence of death became final on June 22, 2002—the deadline given by the United States

Supreme Court for refiling Evans' petition for a writ of certiorari from this Court's

opinion on direct appeal. Evans further argues that this Court's *Ring* cutoff for

determining *Hurst* retroactivity is arbitrary and capricious because, had Mr.

Burden refiled the petition by the Supreme Court's deadline, it would have been

pending when the Supreme Court decided *Ring* days later. Resp. to This Ct's

Order to Show Cause at 2. In turn, Evans argues, this Court would have applied

*Hurst* retroactively to his sentence of death. *See Mosley v. State*, 209 So. 3d 1248,

1283 (Fla. 2016). While I believe that the Court properly determined that Evans'

sentence became final in March 2002 due to the absence of a properly filed petition

for a writ of certiorari, I also agree with Evans that his case rises and falls on "a

fatal accident of timing" that demonstrates the unconstitutional arbitrariness

created by this Court's *Ring* cutoff. Resp. to This Ct's Order to Show Cause at 8.

Two days after the Supreme Court's sixty-day deadline in Evans' case, on

June 24, 2002, the Supreme Court decided *Ring*. Had Evans or Mr. Burden

properly sought certiorari in March or corrected the petition by the June 22

deadline, the date of the United States Supreme Court's subsequent decision,

assuming it was a denial of certiorari, would have served as the date Evans'

conviction and sentence became final. Presumably, under either of these

circumstances, Evans would have fallen on the other side of this Court's *Ring* cutoff and would, therefore, be entitled to the retroactive application of *Hurst*. Thus, Evans' case shows how this Court's *Ring* cutoff for *Hurst* retroactivity creates arbitrariness that has no proper place in death penalty jurisprudence.

As Justice Perry explained, dissenting in *Asay V*, the majority's retroactivity decisions determined "that in capital cases where the Sixth Amendment rights of hundreds of persons were violated, it is appropriate to arbitrarily draw a line between June 23 and June 24, 2002—the day before and the day after *Ring* was decided." 210 So. 3d at 38 (Perry, J., dissenting). Likewise, in my concurring in part and dissenting in part opinion in *Asay V*, I explained that "[t]he majority's conclusion results in an unintended arbitrariness as to who receives relief depending on when the defendant was sentenced or, in some cases, resentenced." *Id.* at 36 (Pariente, J., concurring in part and dissenting in part).

When the Court applied its retroactivity decision from *Asay V* to the Eighth Amendment rights announced in *Hurst*, I dissented, explaining:

> To deny . . . relief when other similarly situated defendants have been granted relief amounts to a denial of due process. The Eighth Amendment and due process arguments presented here and not addressed by the majority in *Asay* [*V*], in addition to the Sixth Amendment right announced in *Hurst v. Florida* and *Hurst*, "create[ ] the rare situation in which finality yields to fundamental fairness in

order to ensure that the constitutional rights of all capital defendants in Florida are upheld." [*Asay V*], 210 So. 3d 1, 35 (Fla. 2016) (Pariente, J., concurring in part, dissenting in part) (citing *Witt v. State*, 387 So. 2d 922, 925 (Fla. 1980)), *petition for cert. filed*, No. 16–9033 (U.S. Apr. 29, 2017). . . .

. . . .

For the same reasons I conclude that the right announced in *Hurst* under the right to jury trial (Sixth Amendment and article I, section 22, of the Florida Constitution) requires full retroactivity, I would conclude that the right to a unanimous jury recommendation of death announced in *Hurst* under the Eighth Amendment requires full retroactivity. As I stated in *Asay* [*V*], "To avoid . . . arbitrariness and to ensure uniformity and fundamental fairness in Florida's capital sentencing, our opinion in *Hurst* should be applied retroactively to *all* death sentences. [*Id.* at 36] (Pariente, J., concurring in part, dissenting in part) (emphasis added). In addition to the arbitrariness of the imposition of the death penalty as described by Justice Breyer, joined by Justice Ginsburg, this Court imposes another layer of arbitrariness in determining which defendants will receive relief, based on the critical right to a jury trial and a unanimous jury recommendation.

*Hitchcock*, 226 So. 3d at 220-21 (Pariente, J., dissenting) (footnote omitted).

Evans' case, in which *Hurst* retroactivity depends on a mere three months or three days, shows precisely why I believe the majority's approach to *Hurst* retroactivity violates the United States and Florida Constitutions, as I have explained numerous times.

## 2. Evidentiary Hearing

Evans next argues that this Court should grant an evidentiary hearing to

consider whether his mental illness contributed to the failure to refile the petition for a writ of certiorari.  Because this Court has previously considered Evans' mental health, both on direct appeal and postconviction, where Evans did not argue that counsel was ineffective for failing to refile the petition for a writ of certiorari, I agree with the Court that Evans is not entitled to rehearing or an evidentiary hearing on this claim.  *Evans v. State*, 975 So. 2d 1035, 1040-41 (Fla. 2007); *Evans*, 800 So. 2d at 188, 197.

## CONCLUSION

Recognizing that *Asay V* and *Hitchcock* are final, I agree with the denial of rehearing but write to emphasize, as fully explained above, that this case demonstrates the unconstitutional arbitrariness created by this Court's *Ring* cutoff for *Hurst* retroactivity.

A True Copy
Test:

John A. Tomasino
Clerk, Supreme Court

**CASE NO.:** SC17-869
Page Eight


so
Served:

DAVID DIXON HENDRY
JAMES L. DRISCOLL JR.
GREGORY W. BROWN
DORIS MEACHAM
HON. TIFFANY MOORE RUSSELL, CLERK
HON. LISA TAYLOR MUNYON, JUDGE
KENNETH SLOAN NUNNELLEY
HON. FREDERICK J. LAUTEN, CHIEF JUDGE