# Supreme Court of Florida

_____

No. SC18-677
_____

**IAN DECO LIGHTBOURNE,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

August 30, 2018

PER CURIAM.

We have for review Ian Deco Lightbourne's appeal of the circuit court's order denying Lightbourne's motion filed pursuant to Florida Rule of Criminal Procedure 3.851. This Court has jurisdiction. *See* art. V, § 3(b)(1), Fla. Const.

Lightbourne's motion sought relief pursuant to the United States Supreme Court's decision in *Hurst v. Florida*, 136 S. Ct. 616 (2016), and our decision on remand in *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017). Lightbourne responded to this Court's order to show cause arguing why this Court's decisions in *Lightbourne v. State*, 235 So. 3d 285 (Fla. 2018),

*petition for cert. filed*, No. 18-5012 (U.S. June 28, 2018), and *Hitchcock v. State*, 226 So. 3d 216 (Fla.), *cert. denied*, 138 S. Ct. 513 (2017), should not be dispositive in this case.

After reviewing Lightbourne's response to the order to show cause, as well as the State's arguments in reply, we conclude that our prior denial of Lightbourne's appeal from the circuit court's denial of his successive motion for postconviction relief raising similar claims is a procedural bar to the claims at issue in this appeal. All of Lightbourne's claims depend upon the retroactive application of *Hurst*, to which we have held he is not entitled. *See Lightbourne*, 235 So. 3d at 286; *Hitchcock*, 226 So. 3d at 217. Accordingly, we affirm the denial of Lightbourne's motion.

The Court having carefully considered all arguments raised by Lightbourne, we caution that any rehearing motion containing reargument will be stricken. It is so ordered.

CANADY, C.J., and LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.
PARIENTE, J., concurs in result with an opinion.

PARIENTE, J., concurring in result.

I agree with the per curiam opinion that we have formerly denied Lightbourne's claims to *Hurst*[1] relief pursuant to *Hitchcock*,[2] which, of course, is now final. Nevertheless, as I have expressed several times, I would apply *Hurst* retroactively to Lightbourne's case. *See Hitchcock*, 226 So. 3d at 221-23 (Pariente, J., dissenting). Applying *Hurst* to Lightbourne's case, in which the jury's vote is unclear, I would grant a new penalty phase because the State cannot prove that the *Hurst* error is harmless beyond a reasonable doubt.

An Appeal from the Circuit Court in and for Marion County,
    Steven Glen Rogers, Judge - Case No. 421981CF000170CFAXXX

Neal Andre Dupree, Capital Collateral Regional Counsel, Suzanne Keffer, Chief Assistant Capital Collateral Regional Counsel, and Nicole M. Noël, Assistant Capital Collateral Regional Counsel, Southern Region, Fort Lauderdale, Florida,

    for Appellant

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Patrick A. Bobek, Assistant Attorney General, Daytona Beach, Florida,

    for Appellee

---

1. *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017); *see Hurst v. Florida*, 136 S. Ct. 616 (2016).

2. *Hitchcock v. State*, 226 So. 3d 216 (Fla.), *cert. denied*, 138 S. Ct. 513 (2017).