# Supreme Court of Florida

_____

No. SC18-458
_____

**BILLY LEON KEARSE,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

August 30, 2018

PER CURIAM.

We have for review Billy Leon Kearse's appeal of the circuit court's order denying Kearse's motion filed pursuant to Florida Rule of Criminal Procedure 3.851. This Court has jurisdiction. *See* art. V, § 3(b)(1), Fla. Const.

Kearse's motion sought relief pursuant to the United States Supreme Court's decision in *Hurst v. Florida*, 136 S. Ct. 616 (2016), and our decision on remand in *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017). Kearse responded to this Court's order to show cause arguing why *Hitchcock v. State*, 226 So. 3d 216 (Fla.), *cert. denied*, 138 S. Ct. 513 (2017), should not be dispositive in this case.

After reviewing Kearse's response to the order to show cause, as well as the State's arguments in reply, we conclude that Kearse is not entitled to relief. Kearse was sentenced to death following a jury's unanimous recommendation for death. *Kearse v. State*, 770 So. 2d 1119, 1123 (Fla. 2000). His sentence of death became final in 2001. *Kearse v. Florida*, 532 U.S. 945 (2001). Thus, *Hurst* does not apply retroactively to Kearse's sentence of death. *See Hitchcock*, 226 So. 3d at 217. Accordingly, we affirm the denial of Kearse's motion.

The Court having carefully considered all arguments raised by Kearse, we caution that any rehearing motion containing reargument will be stricken. It is so ordered.

LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.
PARIENTE, J., concurs in result with an opinion.
CANADY, C.J., concurs in result.

PARIENTE, J., concurring in result.

I concur in result because I recognize that this Court's opinion in *Hitchcock v. State*, 226 So. 3d 216 (Fla.), *cert. denied*, 138 S. Ct. 513 (2017), is now final. However, I continue to adhere to the views expressed in my dissenting opinion in *Hitchcock* that *Hurst* should apply retroactively to cases like Kearse's. *Id.* at 220-23 (Pariente, J., dissenting). Of course, if *Hurst*[1] applied to Kearse's case, he

---

1. *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017).

would likely not be entitled to relief based on the jury's unanimous recommendation for death, coupled with the absence of any stricken aggravating factors. *Kearse v. State*, 770 So. 2d 1119, 1123 (Fla. 2000); *see Davis v. State*, 207 So. 3d 142, 174-75 (Fla. 2016).

Notwithstanding, I emphasize Justice Anstead's dissenting opinion on direct appeal that Justice Shaw and I joined, which argued that "this case is clearly not one of the most aggravated, least mitigated of first-degree murders." *Kearse*, 770 So. 2d at 1136 (Anstead, J., dissenting). Regardless of whether *Hurst* applies retroactively to Kearse's case, Justice Anstead's conclusion "that this is clearly not a death case" is significant. *Id.* at 1138.

An Appeal from the Circuit Court in and for St. Lucie County,
    Dan Lewis Vaughn, Judge - Case No. 561991CF000136AXXXXX

Neal Andre Dupree, Capital Collateral Regional Counsel, and Paul Kalil, Assistant Capital Collateral Regional Counsel, Southern Region, Fort Lauderdale, Florida,

    for Appellant

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Leslie T. Campbell, Assistant Attorney General, West Palm Beach, Florida,

    for Appellee