PER CURIAM.
This case is before the Court on Edward J. Zakrzewski, II’s petition for a writ of habeas corpus claiming a right to relief under the United States Supreme Court’s decision in Hurst v. Florida, — U.S. —, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), and our decision on remand in Hurst v. State (Hurst), 202 So.3d 40 (Fla. 2016), cert. denied, No. 16-998, — U.S. —, 137 S.Ct. 2161, 198 L.Ed.2d 246, 2017 WL 635999 (U.S. May 22, 2017). We have jurisdiction. See art. V, § 3(b)(9), Fla. Const. For the following reasons, we affirm . Za-krzewski’s three sentences of death.
In 1994, Zakrzewski pled guilty to three charges of first-degree murder for the deaths of his wife and two young children. Zakrzewski v. State, 717 So.2d 488, 490 (Fla. 1998), cert. denied, 525 U.S. 1126, 119 S.Ct. 911, 142 L.Ed.2d 909 (1999). After the penalty phase, the jury recommended sentences of death for the murders of Za-krzewski’s wife and son, both by a vote of seven to five. Id. at 491. For the murder of Zakrzewski’s daughter, the jury recommended a sentence of life imprisonment without parole. Id. The trial court, concluding that the aggravating factors outweighed the mitigating circumstances for all three murders, followed the jury’s recommendation on the first two and overrode the jury’s recommendation on the third and sentenced Zakrzewski to death for all three murders. Id. On direct appeal, this Court “affirm[ed] thé three death sentences,” Id. at 495.
In 2003, Zakrzewski appealed the trial court’s denial, of postconviction relief on his claim that Florida’s death penalty is unconstitutional under the. United States Supreme Gourt’s decisions in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). Zakrzewski v. State, 866 So.2d 688, 692, 696 (Fla. 2003). This Court affirmed the trial court’s denial of postconviction relief. Id. at 697. Zakrzew-ski now claims that his death sentences are unconstitutional under Hurst v. Florida and Hurst and that he is entitled to relief under chapter 2016-13, Laws of Florida.
In Asay v. State, 210 So.3d 1 (Fla. 2016), petition for cert. filed, No. 16-9033 (U.S. Apr. 29, 2017), we held that Hurst does not apply, retroactively to sentences of death that were, final before the .United States Supreme Court decided Ring. In Marshall v. State, 2017 WL-1739246 (Fla. May 4, 2017), we denied Marshall’s petition for-a writ of habeas corpus based on Asay, concluding that the judicial override in Marshall’s ease did not warrant an exception to the retroactivity-‘analysis in Asay. Id. Za-krzewski’s sentences became final in 1999 when the United States Supreme Court denied his petition for certiorari review. Thus, Zakrzewski is not entitled to Hurst relief, and we deny his petition for writ of habeas corpus.
It is so ordered.
*1160 LABARGA, C.J., and QUINCE, POLSTON, and LAWSON, JJ., concur.
PARIENTE, J., concurs in result with an opinion.
LEWIS and CANADY, JJ., concur in result.