# Supreme Court of Florida

_____

No. SC18-646
_____

**EDWARD J. ZAKRZEWSKI, II,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

September 20, 2018

PER CURIAM.

We have for review Edward J. Zakrzewski's appeal of the circuit court's order denying Zakrzewski's motion filed pursuant to Florida Rule of Criminal Procedure 3.851. This Court has jurisdiction. *See* art. V, § 3(b)(1), Fla. Const.

Zakrzewski's motion sought relief pursuant to the United States Supreme Court's decision in *Hurst v. Florida*, 136 S. Ct. 616 (2016), and our decision on remand in *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017). Zakrzewski responded to this Court's order to show cause arguing why *Hitchcock v. State*, 226 So. 3d 216 (Fla.), *cert. denied*, 138 S. Ct. 513 (2017), should not be dispositive in this case.

After reviewing Zakrzewski's response to the order to show cause, as well as the State's arguments in reply, we conclude that our prior denial of Zakrzewski's petition for a writ of habeas corpus raising similar claims is a procedural bar to the claims at issue in this appeal. All of Zakrzewski's claims depend upon the retroactive application of *Hurst*, to which we have held he is not entitled. *See Zakrzewski v. Jones*, 221 So. 3d 1159, 1159 (Fla. 2017); *Hitchcock*, 226 So. 3d at 217. Accordingly, we affirm the denial of Zakrzewski's motion.

The Court having carefully considered all arguments raised by Zakrzewski, we caution that any rehearing motion containing reargument will be stricken. It is so ordered.

CANADY, C.J., and LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.
PARIENTE, J., concurs in result with an opinion.

PARIENTE, J., concurring in result.

I agree with the per curiam opinion that we have formerly denied Zakrzewski relief pursuant to *Hitchcock*,[1] which, of course, is now final. However, I write separately to emphasize the jury override in Zakrzewski's case.

Following the penalty phase, the jury in Zakrzewski's case recommended two sentences of death—both by a vote of seven to five—and one sentence of life

---

1. *Hitchcock v. State*, 226 So. 3d 216 (Fla.), *cert. denied*, 138 S. Ct. 513 (2017).

by a vote of six to six. Nevertheless, the trial court sentenced Zakrzewski to three sentences of death, thereby overriding the jury's recommendation for life on the final sentence. *See Asay v. State* (*Asay V*), 210 So. 3d 1, 29 n.19 (Fla. 2016), *cert. denied*, 138 S. Ct. 41 (2017) (Labarga, C.J., concurring); *id.* at 35 n.32 (Pariente, J., concurring in part and dissenting in part).

As I expressed in *Asay V,* "the jurisprudence on the acceptability of judicial overrides has so dramatically changed" since sentences like Zakrzewski's were finalized. *Id.* at 35 n.32 (Pariente, J., concurring in part and dissenting in part). *Hurst*[2] made clear that jury overrides are unconstitutional, and, likewise, jury overrides are not permitted under Florida's current capital sentencing scheme. *See* § 921.141, Fla. Stat. (2018).

An Appeal from the Circuit Court in and for Okaloosa County,
    John T. Brown, Judge - Case No. 461994CF001283XXXAXX

Martin J. McClain of McClain & McDermott, P.A., Wilton Manors, Florida,

    for Appellant

Pamela Jo Bondi, Attorney General, and Charmaine M. Millsaps, Senior Assistant Attorney General, Tallahassee, Florida,

    for Appellee

---

2. *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017); *see Hurst v. Florida*, 136 S. Ct. 616 (2016).