# Supreme Court of Florida

_____

No. SC17-500
_____

**BRYAN FREDRICK JENNINGS,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

October 4, 2018

PER CURIAM.

We have for review Bryan Fredrick Jennings' appeal of the postconviction court's order denying Jennings' motion filed pursuant to Florida Rule of Criminal Procedure 3.851. This Court has jurisdiction. *See* art. V, § 3(b)(1), Fla. Const.

Jennings' motion sought relief pursuant to the United States Supreme Court's decision in *Hurst v. Florida*, 136 S. Ct. 616 (2016), and our decision on remand in *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017). This Court stayed Jennings' appeal pending the disposition of *Hitchcock v. State*, 226 So. 3d 216 (Fla.), *cert. denied*, 138 S. Ct. 513 (2017). After this Court decided *Hitchcock*, Jennings responded to this Court's order to

show cause arguing why it should not be dispositive in this case. After reviewing Jennings' response to the order to show cause, as well as the State's arguments in reply, we ordered full briefing on Jennings' claim that he was denied due process by the substitution of judges, without notice, between the time when the postconviction court denied his rule 3.851 motion and when the court heard his motion for rehearing.

The crimes underlying Jennings' convictions and sentence of death, at issue in this case, have been summarized as follows:

> In the early morning hours of May 11, 1979, Rebecca Kunash was asleep in her bed. A nightlight had been left on in her room and her parents were asleep in another part of the house. The Defendant went to her window and saw Rebecca asleep. He forcibly removed the screen, opened the window, and climbed into her bedroom. He put his hand over her mouth, took her to his car and proceeded to an area near the Girard Street Canal on Merritt Island. He raped Rebecca, severely bruising and lacerating her vaginal area, using such force that he bruised his penis. In the course of events, he lifted Rebecca by her legs, brought her back over his head, and swung her like a sledge hammer onto the ground fracturing her skull and causing extensive damage to her brain. While she was still alive, Defendant took her into the canal and held her head under the water until she drowned. At the time of her death, Rebecca Kunash was six (6) years of age.

*Jennings v. State* (*Jennings V*), 512 So. 2d 169, 175-76 (Fla. 1987) (quoting sentencing order), *cert. denied*, 484 U.S. 1079 (1988); *see Jennings v. State* (*Jennings I*), 413 So. 2d 24, 25 (Fla. 1982). Jennings was convicted of first-degree murder and sentenced to death following a jury's recommendation for death by a vote of eleven to one. *Jennings V*, 512 So. 2d at 173. His sentence of death

became final in 1988.  *Jennings*, 484 U.S. 1079.  Thus, *Hurst* does not apply retroactively to Jennings' sentence of death.  *See Hitchcock*, 226 So. 3d at 217.  Accordingly, we affirm the postconviction court's denial of Jennings' motion.[1]

We further conclude that Jennings is not entitled to relief on his claim that he was denied due process by the substitution of judges on his case between the denial of his motion for postconviction relief and his motion for rehearing.  This Court has explained that "[t]he essence of due process is that fair notice and a reasonable opportunity to be heard must be given to interested parties before judgment is rendered."  *Scull v. State*, 569 So. 2d 1251, 1252 (Fla. 1990); *see Huff v. State*, 622 So. 2d 982, 983 (Fla. 1993).

Despite the change in judges, Jennings was given a meaningful opportunity to be heard before his motion for rehearing was denied.  *See Huff*, 622 So. 2d at 983.  Jennings was also given a meaningful opportunity to raise objections on rehearing.  In fact, the new judge, Judge Mahl, reviewed the entire case, as Jennings acknowledges, before denying Jennings' motion for rehearing.  *See id.*; *see also Glock v. Moore*, 776 So. 2d 243, 249 (Fla. 2001) (The defendant's "ability to raise objections negated any due process concerns.").  Likewise, Jennings does

---

1. The Court having carefully considered all arguments raised by Jennings, we caution that any rehearing motion containing reargument of *Hurst*-related claims will be stricken.

not allege "any impropriety or appearance of impropriety by" Judge Mahl on rehearing. *Marek v. State*, 14 So. 3d 985, 1002 (Fla. 2009).

## CONCLUSION

For the reasons explained above, we affirm the postconviction court's order denying Jennings' successive motion for postconviction relief.

It is so ordered.

LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.
CANADY, C.J., concurs in result.
PARIENTE, J., concurs in result with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

PARIENTE, J., concurring in result.

I agree that Jennings' right to due process was not violated by the reassignment of judges, without notice, between the denial of his motion for postconviction relief and his motion for rehearing. I concur in result only as to the *Hurst*[2]-related issue. While I recognize that this Court's opinion in *Hitchcock v. State*, 226 So. 3d 216 (Fla.), *cert. denied*, 138 S. Ct. 513 (2017), is now final, as I explained in my dissenting opinion in *Hitchcock*, I would apply *Hurst* retroactively to Jennings' sentence of death. *See Hitchcock*, 226 So. 3d at 220-23 (Pariente, J.,

---

2. *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017); *see Hurst v. Florida*, 136 S. Ct. 616 (2016).

dissenting); *see also Asay v. State* (*Asay V*), 210 So. 3d 1, 32-37 (Fla. 2016)

(Pariente, J., concurring in part and dissenting in part), *cert. denied*, 138 S. Ct. 41

(2017).  Applying *Hurst* to Jennings' case, I would grant a new penalty phase

based on the jury's nonunanimous recommendation for death by a vote of eleven to

one.  Per curiam op. at 2.

An Appeal from the Circuit Court in and for Brevard County,
    Jeffrey Mahl, Judge - Case No. 051979CF000773AXXXXX

Martin J. McClain of McClain & McDermott, P.A., Wilton Manors, Florida,

    for Appellant

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Doris Meacham,
Assistant Attorney General, Daytona Beach, Florida,

    for Appellee