# Supreme Court of Florida

_____

No. SC18-1042
_____

**MANUEL ANTONIO RODRIGUEZ,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

December 13, 2018

PER CURIAM.

We have for review Manuel Antonio Rodriguez's appeal of the postconviction court's order denying Rodriguez's motion filed pursuant to Florida Rule of Criminal Procedure 3.851. This Court has jurisdiction. *See* art. V, § 3(b)(1), Fla. Const.

Rodriguez's motion sought relief pursuant to the United States Supreme Court's decision in *Hurst v. Florida*, 136 S. Ct. 616 (2016), and our decision on remand in *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017). Rodriguez responded to this Court's order to show cause arguing why *Hitchcock v. State*, 226 So. 3d 216 (Fla.), *cert. denied*, 138 S. Ct. 513 (2017),

and *Rodriguez v. State*, 237 So. 3d 918 (Fla. 2018), *petition for cert. filed*, No. 18-6505 (U.S. July 2, 2018), should not be dispositive in this case.

After reviewing Rodriguez's response to the order to show cause, as well as the State's arguments in reply, we conclude that our prior denial of Rodriguez's postconviction appeal raising similar claims is a procedural bar to the claim at issue in this appeal, which in any event, does not entitle him to *Hurst* relief. *See Foster v. State*, No. SC18-860, 2018 WL 6379348 (Fla. Dec. 6, 2018); *Rodriguez*, 237 So. 3d at 919; *Hitchcock*, 226 So. 3d at 217. We previously affirmed the postconviction court's denial of Rodriguez's claims for *Hurst* relief pursuant to *Hitchcock*. *See Rodriguez*, 237 So. 3d at 919. In this case, relying on *Hurst* and the Legislature's amendments to Florida's capital sentencing scheme in response to *Hurst* pursuant to chapter 2017-1, Laws of Florida, Rodriguez contends that the elements of "capital murder" have existed since before *Hurst* and denying him relief amounts to a due process violation because he has not been found "guilty" of "capital murder." However, chapter 2017-1 codified the *Hurst* requirements, and, as we have previously explained, Rodriguez's three sentences of death were imposed following a jury's unanimous recommendations for death and became final in 2000. *See Rodriguez*, 237 So. 3d at 919. Therefore, because Rodriguez is not entitled to relief under *Hurst* or the legislation implementing the rights

recognized in *Hurst*, we affirm the denial of Rodriguez's motion. *See Rodriguez*, 237 So. 3d 919; *Hitchcock*, 226 So. 3d at 217.

The Court having carefully considered all arguments raised by Rodriguez, we caution that any rehearing motion containing reargument will be stricken. It is so ordered.

PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.
CANADY, C.J., concurs in result.

ANY MOTION FOR REHEARING OR CLARIFICATION MUST BE FILED WITHIN SEVEN DAYS. A RESPONSE TO THE MOTION FOR REHEARING/CLARIFICATION MAY BE FILED WITHIN FIVE DAYS AFTER THE FILING OF THE MOTION FOR REHEARING/CLARIFICATION. NOT FINAL UNTIL THIS TIME PERIOD EXPIRES TO FILE A REHEARING/CLARIFICATION MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Miami-Dade County,
	Nushin G. Sayfie, Judge - Case No. 131993CF025817B000XX

Neal Andre Dupree, Capital Collateral Regional Counsel, Marie-Louise Samuels Parmer, Special Assistant Capital Collateral Regional Counsel, and Marta Jaszczolt, Staff Attorney, Southern Region, Fort Lauderdale, Florida,

	for Appellant

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Rachel Kamoutsas, Assistant Attorney General, Miami, Florida,

	for Appellee