# Supreme Court of Florida

———————

No. SC19-714
———————

**GROVER B. REED,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

March 19, 2020

PER CURIAM.

We have for review Grover B. Reed's appeal of the trial court's order denying Reed's successive postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.851. We have jurisdiction. *See* art. V, § 3(b)(1), Fla. Const.

In his motion, Reed sought relief from his sentence of death, raising claims predicated on the United States Supreme Court's decision in *Hurst v. Florida*, 136 S. Ct. 616 (2016), and this Court's decision on remand in *Hurst v. State*, 202 So. 3d 40 (Fla. 2016), *receded from by State v. Poole*, 45 Fla. L. Weekly S41 (Fla. Jan. 23, 2020). Reed's sentence of death became final in 1990, before the Supreme Court decided *Ring v. Arizona*, 536 U.S. 584 (2002). *See Reed v. State*, 560 So. 2d

203 (Fla.), *cert. denied*, 498 U.S. 882 (1990). Accordingly, we ordered Reed to show cause as to why we should not affirm the trial court's order pursuant to our decision in *Hitchcock v. State*, 226 So. 3d 216, 217 (Fla.), *cert. denied*, 138 S. Ct. 513 (2017), which precludes the retroactive application of *Hurst v. Florida* and *Hurst v. State* to defendants (like Reed) whose sentences of death were final when *Ring* was decided.

Since then, however, we decided *Poole*, 45 Fla. L. Weekly S41, which is dispositive here. Pursuant to *Poole*, there is no *Hurst v. Florida* or *Hurst v. State* error in Reed's case because a unanimous jury finding establishes the existence of at least one statutory aggravating circumstance beyond a reasonable doubt. *See Poole*, 45 Fla. L. Weekly at S48 ("reced[ing] from *Hurst v. State* except to the extent it requires a jury unanimously to find the existence of a statutory aggravating circumstance beyond a reasonable doubt" as required by *Hurst v. Florida*); *see also McKinney v. Arizona*, 140 S. Ct. 702, 707 (2020) (holding that, under *Hurst v. Florida*, "a jury must find the aggravating circumstance that makes the defendant death eligible," but that a jury "is not constitutionally required to weigh the aggravating and mitigating circumstances or to make the ultimate sentencing decision within the relevant sentencing range"). In Reed's case, two of the four statutory aggravating circumstances found by the trial court—the capital felony was committed during the commission of a sexual battery and for pecuniary

gain—are established because Reed's jury found him guilty of the contemporaneous crimes of sexual battery and robbery. *See Reed*, 560 So. 2d at 204, 205 n.1.

Accordingly, we affirm the trial court's order denying relief.

It is so ordered.

CANADY, C.J., and POLSTON, LAWSON, and MUÑIZ, JJ., concur.
LABARGA, J., concurs in result only with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

LABARGA, J., concurring in result only.

In *Hitchcock v. State*, 226 So. 3d 216 (Fla. 2017), where the defendant's death sentence was final when *Ring v. Arizona*, 536 U.S. 584 (2002), was decided, this Court denied the retroactive application of *Hurst v. Florida*, 136 S. Ct. 616 (2016). In light of *Hitchcock*, Reed is similarly not entitled to the retroactive application of *Hurst v. Florida*.

However, in denying relief, the majority relies on *State v. Poole*, 45 Fla. L. Weekly S41 (Fla. Jan. 23, 2020), a wrongfully decided opinion to which I strenuously dissented. Consequently, I can concur only in the result.

An Appeal from the Circuit Court in and for Duval County,
      Marianne L. Aho, Judge - Case No. 161986CF006123AXXXMA

Martin J. McClain of McClain & McDermott, P.A., Fort Lauderdale, Florida,

      for Appellant

- 3 -

Ashley Moody, Attorney General, and Charmaine M. Millsaps, Senior Assistant Attorney General, Tallahassee, Florida,

for Appellee