# Supreme Court of Florida

_____

No. SC19-1356
_____

**KEN ELDON LOTT,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

September 17, 2020

PER CURIAM.

Ken Eldon Lott, a prisoner under sentence of death, appeals the circuit court's order denying his successive motion for postconviction relief, which was filed under Florida Rule of Criminal Procedure 3.851. We have jurisdiction. *See* art. V, § 3(b)(1), Fla. Const.

In 1995, a jury found Lott guilty of the first-degree murder of Rose Conners. *Lott v. State*, 695 So. 2d 1239, 1241 (Fla. 1997). He was sentenced to death, *id.* at 1242, following a jury's unanimous recommendation, *id.* at 1241. On direct appeal, we affirmed Lott's conviction and sentence. *Id.* at 1245. We also affirmed the denial of his initial motion for postconviction relief and the denial of his

motion for DNA testing under Florida Rule of Criminal Procedure 3.853. *Lott v. State*, 931 So. 2d 807, 821 (Fla. 2006).

In 2017, Lott filed a successive postconviction motion, claiming that: (1) he is entitled to relief under *Hurst v. Florida*, 136 S. Ct. 616 (2016), and *Hurst v. State*, 202 So. 3d 40 (Fla. 2016), *receded from by State v. Poole*, 297 So. 3d 487 (Fla. 2020); and (2) the indictment was defective because it failed to include aggravating factors.[1] The circuit court denied relief. This appeal followed.

Lott first contends that the circuit court improperly denied his claim predicated on *Hurst v. Florida* and *Hurst v. State*. We conclude, however, that our decision in *Poole*, 297 So. 3d 487, forecloses relief. Under *Poole*, because a unanimous jury finding in Lott's case establishes the existence of at least one statutory aggravating circumstance beyond a reasonable doubt there is no *Hurst* error. *See Poole*, 297 So. 3d at 507 ("reced[ing] from *Hurst v. State* except to the extent it requires a jury unanimously to find the existence of a statutory aggravating circumstance beyond a reasonable doubt" as required by *Hurst v. Florida*); *see also McKinney v. Arizona*, 140 S. Ct. 702, 707 (2020) ("Under *Ring* [*v. Arizona*, 536 U.S. 584 (2002),] and *Hurst* [*v. Florida*], a jury must find the aggravating circumstance that makes the defendant death eligible. But

---

1. Lott initially raised a third ground for relief—that he is intellectually disabled and thus exempt from the death penalty—but later withdrew the claim.

- 2 -

importantly, in a capital sentencing proceeding just as in an ordinary sentencing proceeding, a jury (as opposed to a judge) is not constitutionally required to weigh the aggravating and mitigating circumstances or to make the ultimate sentencing decision within the relevant sentencing range."). Among the aggravators in Lott's case, the trial court found that Lott "had a previous conviction for a violent felony." *Lott*, 695 So. 2d at 1242. That aggravating circumstance was "based on three prior armed robbery convictions and one prior attempted escape conviction," all of which were unanimously found by a jury. *Id.*

Next, Lott asserts that the circuit court erred in denying his claim that the indictment was defective for failing to identify any aggravators. But this claim should have been brought on direct appeal and is therefore procedurally barred. It additionally fails on the merits—we have "repeatedly rejected the argument that aggravating circumstances must be alleged in the indictment." *Pham v. State*, 70 So. 3d 485, 496 (Fla. 2011) (citing, *e.g.*, *Coday v. State*, 946 So. 2d 988, 1006 (Fla. 2006); *Ibar v. State*, 938 So. 2d 451, 473 (Fla. 2006); *Kormondy v. State*, 845 So. 2d 41, 54 (Fla. 2003)).

Accordingly, we affirm the circuit court's order denying Lott's successive postconviction motion.

It is so ordered.

CANADY, C.J., and POLSTON, MUÑIZ, and COURIEL, JJ., concur.
LABARGA, J., concurs in result only with an opinion.
LAWSON, J., recused.
GROSSHANS, J., did not participate.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

LABARGA, J., concurring in result only.

Lott, whose death sentence became final in 1997, is not entitled to the retroactive application of *Hurst v. Florida*, 136 S. Ct. 616 (2016), as interpreted by this Court in *Hurst v. State*.[2] *See Hitchcock v. State*, 226 So. 3d 216, 217 (Fla. 2017) (holding that *Hurst* is not retroactive to defendants whose death sentences became final before the United States Supreme Court decided *Ring v. Arizona*, 536 U.S. 584 (2002)). Thus, I agree that Lott is not entitled to relief.

However, because the majority relies on *Poole*, a wrongfully decided opinion to which I strenuously dissented, I can concur only in the result.

An Appeal from the Circuit Court in and for Orange County,
    Robert P. LeBlanc, Judge - Case No. 481994CF004667000AOX

Christopher J. Anderson, Neptune Beach, Florida,

    for Appellant

Ashley Moody, Attorney General, Tallahassee, Florida, and Scott A. Browne, Chief Assistant Attorney General, Tampa, Florida,

---

2. *Hurst v. State*, 202 So. 3d 40 (2016), *receded from in part by State v. Poole*, 297 So. 3d 487 (Fla. 2020).

- 4 -

for Appellee