Paul Augustus Howell, a prisoner under sentence of death and under an active death warrant, appeals the summary denial of a second successive motion for post-conviction relief filed on February 21, 2013, just three days after this Court affirmed the denial of his prior successive motion for postconviction relief. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const. The Court expedited the briefing and after reviewing the motion, the briefs, and the entire history of this case, we affirm the trial court’s summary denial.
In the second successive motion for postconviction relief, Howell raised the following claims: (1) trial counsel was ineffective in failing to investigate and present mitigating evidence; (2) trial counsel’s conflict of interest led to a structural deprivation of Howell’s right to counsel; (3) a structural deprivation of counsel occurred based on the trial court’s failure to adequately fund Howell’s defense; (4) newly discovered evidence of mitigation could have saved Howell’s life; and (5) his execution would violate the Eighth Amendment. The trial court summarily denied the second successive motion for postconviction relief.
*775 We affirm the summary denial of Howell’s second successive motion for postconviction relief as procedurally barred and without merit. Because the motion was filed beyond the time limitation provided in Florida Rule of Criminal Procedure 3.851(d)(1), the motion must rely upon one of the enumerated exceptions listed in subsection (d)(2). Here, Howell asserts that his second successive posteon-viction motion may be considered because “the facts on which the claim is predicated were unknown to the movant or the mov-ant’s attorney and could not have been ascertained by the exercise of due diligence.” Fla. R.Crim. P. 3.851(d)(2)(A). After thoroughly reviewing the second successive motion filed before the trial court, we hold that this exception does not apply. Howell fails to demonstrate how any of the above facts could not have been discovered with due diligence. All of the allegations regarding information about Howell’s background have been in the possession of either Howell or his family, or in his records. To the extent that Howell has now obtained another expert, merely obtaining a new expert cannot be the basis for a newly discovered evidence claim. To the extent Howell claims that there are new studies or tests available, this Court has rejected that type of evidence as newly discovered. See Schwab v. State, 969 So.2d 318, 325 (Fla.2007) (“[T]his Court has not recognized ‘new opinions’ or ‘new research studies’ as newly discovered evidence.”). Further, this Court has just rejected as barred Howell’s attempt to raise the mitigation claim. Howell v. State, 109 So.3d 763 (Fla.2013).
Howell also asserts that his second successive postconviction motion may be considered because “postconviction counsel, through neglect, failed to file the motion.” Fla. R.Crim. P. 3.851(d)(2)(C). Howell recognizes that, here, initial post-conviction counsel sought an extension beyond the one-year deadline and then filed a motion for postconviction relief within the time period that this Court granted. However, according to Howell, this exception can still apply because postconviction counsel failed to raise these specific claims. This argument is contrary to the express terms of the rule itself, which applies based on the inaction of counsel to file a timely motion for postconviction relief, not to file a specific claim. Moreover, under Howell’s interpretation, a condemned inmate would never face any time limitation in which to file a motion for postconviction relief, because the inmate could always assert that postconviction counsel neglected to raise a claim.
Accordingly, we hold that none of the exceptions relied upon by Howell apply to this second successive postconviction motion. We affirm the denial of relief.
No rehearing will be entertained by this Court.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.