PER CURIAM. We have for review Glen Edward Rogers’ appeal of the circuit court’s order denying Rogers’ motion filed pursuant to Florida Rule of Criminal Procedure 3.851. This Court has- jurisdiction. See art. V, § 3(b)(1), Fla. Const. Rogers’ motion sought relief pursuant to the United States Supreme Court’s decision in Hurst v. Florida, — U.S.-, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), and our decision on remand in Hurst v. State (Hurst), 202 So.3d 40 (Fla. 2016), cert. denied, — U.S. --, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017). This Court stayed Rogers’ appeal pending the disposition of Hitchcock v. State, 226 So.3d 216 (Fla. 2017); cert. denied, — U.S. -, 138 S.Ct. 513, 199 L.Ed.2d 396 (2017). After this Court decided Hitchcock, Rogers responded to this Court’s order to show cause arguing why Hitchcock should not be dispositive in this case. . After reviewing Rogers’ response to the order to show.cause,'as well as the State’s arguments in reply, we conclude that Rogers is not entitled to-relief. Rogers was sentenced to death following a jury’s unanimous recommendation for death, and his sentence of death became final in 2001. Rogers v. State, 783 So.2d 980, 987 (Fla. 2001). Thus, Hurst does not apply retroactively to Rogers’ sentence of death. See Hitchcock, 226 So.3d at 217. Accordingly, we affirm the denial of Rogers’ motion. The Court having carefully considered all arguments raised by Rogers, we caution that any rehearing motion containing reargument will be stricken. It is so ordered. LABARGA, C.J., and QUINCE, POLSTON, and LAWSON, JJ., concur. PARIENTE, J., concurs in result with an opinion. LEWIS and CANADY, JJ., concur in result.