# Supreme Court of Florida

--------

No. SC20-1863

--------

**GLEN EDWARD ROGERS,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

October 28, 2021

PER CURIAM.

Glen Edward Rogers, a prisoner under sentence of death, appeals the circuit court's order summarily denying his third successive motion for postconviction relief, filed under rule 3.851 of the Florida Rules of Criminal Procedure.[1]  We affirm.

## I.  Background

In 1995, Rogers robbed and brutally murdered Tina Marie Cribbs in a Tampa motel room—later stealing a car which belonged to her and using that car to leave Florida.  *Rogers v. State*, 783 So.

--------

1.  We have jurisdiction.  *See* art. V, § 3(b)(1), Fla. Const.

2d 980, 985-86 (Fla. 2001) (direct appeal).[2]  After law enforcement

apprehended Rogers in another state, the State of Florida charged

him with first-degree murder, armed robbery, and grand theft of a

motor vehicle.  *Id.* at 985-86.  Following trial, the jury found Rogers

guilty as charged on all three offenses.  *Id.* at 985, 987.

At the ensuing penalty phase, Rogers called a number of

witnesses, including two experts—Dr. Michael Maher (a

psychiatrist) and Dr. Robert Berland (a forensic psychologist).  *Id.* at

995-96.  Each opined that Rogers suffers from brain damage and

mental-health issues, including a rare genetic mental disorder

called porphyria.  *Id.*  Rogers also presented the testimony of

Claude Rogers, one of his older brothers.

After the presentation of mitigating evidence, the penalty-

phase jury unanimously recommended a sentence of death.  *Id.* at

987.  Accepting that recommendation, the trial court sentenced

Rogers to death.  *Id.*

---

2.  Weeks prior to killing Cribbs, Rogers murdered a woman in California—strangling her and then burning her body.  *See People v. Rogers*, 304 P.3d 124, 128-33 (Cal. 2013).  A California jury found Rogers guilty of first-degree murder for that killing, and the court sentenced Rogers to death.  *See id.* at 128 (affirming first-degree murder conviction and death sentence).

Rogers appealed, but this Court affirmed in all respects. *Id.* at 1004. Since that time, Rogers has sought postconviction relief both in state and federal court—obtaining no relief in either forum. *See Rogers v. State*, 957 So. 2d 538, 556 (Fla. 2007) (affirming denial of initial postconviction motion and denying habeas petition); *Rogers v. Sec'y, Dep't of Corr.*, No. 8:07-CV-1365-T-30TGW, 2010 WL 668261 (M.D. Fla. Feb. 19, 2010) (denying federal habeas relief); *Rogers v. State*, 97 So. 3d 824 (Fla. 2012) (affirming summary denial of first successive postconviction motion); *Rogers v. State*, 235 So. 3d 306 (Fla. 2018) (affirming summary denial of second successive postconviction motion).

Rogers has now filed his third successive postconviction motion, the denial of which is at issue in this appeal. In the motion, Rogers raised a single claim of newly discovered evidence consisting of numerous instances of childhood sexual abuse he allegedly experienced over the course of several years. That abuse purportedly occurred in Hamilton, Ohio (where Rogers grew up) and at the Training Institute of Central Ohio (TICO). According to Rogers, his memories of that abuse had been unknowingly repressed until 2019 when he had detailed discussions about the

case history with clemency counsel and a criminologist. Relying on *Hearndon v. Graham,* 767 So. 2d 1179 (Fla. 2000),[3] Rogers argued that no "procedural obstacles" should bar him from obtaining relief.

The circuit court summarily denied the motion, ruling that the alleged childhood sexual abuse did not constitute newly discovered evidence under prong one of the test set forth in *Jones v. State,* 709 So. 2d 512, 521 (Fla. 1998).[4] The court reasoned, in part, that the alleged newly discovered evidence "could have been discovered with due diligence where, according to the allegations in [Rogers'] motion, [his] family members were well aware of the [alleged] sexual abuse."

This appeal follows.

---

3. *Hearndon,* 767 So. 2d at 1185-86 (holding that delayed discovery doctrine may be applied in intentional tort cases involving childhood sexual abuse).

4. The court declined to extend *Hearndon,* finding it inapplicable in the criminal postconviction context.

## II. Analysis

Rogers argues that the circuit court erred in denying his postconviction motion without first holding an evidentiary hearing. We disagree.

A circuit court should hold an evidentiary hearing on a rule 3.851 motion "whenever the movant makes a facially sufficient claim that requires a factual determination." *Pardo v. State,* 108 So. 3d 558, 560 (Fla. 2012) (quoting *Parker v. State*, 89 So. 3d 844, 855 (Fla. 2011)).[5] To be facially sufficient, a claim of newly discovered evidence must meet the two-part *Jones* test. We have described that test as follows:

> First, the evidence must not have been known by the trial court, the party, or counsel at the time of trial, and it must appear that the defendant or defense counsel could not have known of it by the use of diligence. Second, the newly discovered evidence must be of such [a] nature that it would probably produce an acquittal on retrial.

*Long v. State,* 183 So. 3d 342, 345 (Fla. 2016) (quoting *Tompkins*, 994 So. 2d at 1086).

---

5. The standard of review here is de novo. *See Boyd v. State*, 46 Fla. L. Weekly S124, S125 (Fla. May 13, 2021) (citing *Tompkins v. State*, 994 So. 2d 1072, 1081 (Fla. 2008)).

Consistent with the foregoing principles, the circuit court is authorized to summarily deny a newly-discovered-evidence claim if the motion, files, and record refute the allegations pertaining to either (or both) prongs of the *Jones* test. Fla. R. App. P. 3.851(f)(5)(B); *see also McDonald v. State*, 296 So. 3d 382, 384 (Fla. 2020); *Rodgers v. State*, 288 So. 3d 1038, 1039-40 (Fla. 2019); *Bogle v. State*, 288 So. 3d 1065, 1068-69 (Fla. 2019).

Additionally, when, as here, a newly-discovered-evidence claim is brought as a successive claim, the defendant must demonstrate an exception to the time limitation set forth in rule 3.851(d)(1). *See Howell v. State*, 145 So. 3d 774, 775 (Fla. 2013). This rule requires that "[a]ny motion to vacate judgment of conviction and sentence of death shall be filed by the defendant within 1 year after the judgment and sentence become final." Fla. R. Crim. P. 3.851(d)(1). Rogers' sentence became final in 2001. Thus, his claim could be summarily denied if a timeliness exception does not apply. *See* Fla. R. Crim. P. 3.851(d)(2) (precluding consideration of an untimely motion).[6]

---

6. Rule 3.851(d) contains three timeliness exceptions:

Here, as noted above, the circuit court rejected Rogers' newly-discovered-evidence claim, concluding that the evidence of childhood sexual abuse did not amount to newly discovered evidence under prong one of the *Jones* test. We agree that trial counsel could have discovered the alleged evidence of abuse if due diligence had been exercised.

In the motion itself, Rogers alleged that three of his brothers had knowledge that he was repeatedly abused over the course of several years in Hamilton, Ohio and at TICO. The record on direct appeal demonstrates that trial counsel knew of Rogers' six siblings, including the three siblings mentioned in Rogers' motion. Thus, trial counsel knew of the individuals whom Rogers now alleges had knowledge of the abuse or at least knowledge of the allegations of abuse. And, as such, trial counsel could have asked them whether

---

(A) the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, or
(B) the fundamental constitutional right asserted was not established within the period, or
(C) postconviction counsel, through neglect, failed to file the motion.

Fla. R. Crim. P. 3.851(d)(2)(A)-(C).

Rogers had been sexually abused as a child. In fact, Rogers has offered no explanation—here or below—why trial counsel or postconviction counsel could not have obtained this information years before through at least two of the brothers. *See Dailey v. State*, 46 Fla. L. Weekly S276, S278 (Fla. Sept. 23, 2021).

To the extent that Rogers separately suggests that evidence of rampant juvenile abuse at TICO is also newly discovered, he is wrong. In the motion, Rogers relied on articles about TICO which were published well before his penalty phase. Those articles—discussing the abuse of juveniles at TICO—could have been discovered by trial counsel and, as a consequence, do not meet prong one of the *Jones* test.

In sum, Rogers' alleged childhood sexual abuse and the systemic sexual abuse experienced by others at TICO do not constitute newly discovered evidence. Accordingly, the circuit court properly denied the motion on that basis.

### III. Conclusion

For the reasons given above, we affirm the order summarily denying Rogers' third successive postconviction motion.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Hillsborough County,
     Michelle Sisco, Judge – 291995CF015314000AHC

Eric Pinkard, Capital Collateral Regional Counsel, Ali A. Shakoor, Lisa Marie Bort, and Adrienne Joy Shepherd, Assistant Capital Collateral Regional Counsel, Middle Region, Temple Terrace, Florida,

     for Appellant

Ashley Moody, Attorney General, Tallahassee, Florida, and Stephen D. Ake, Assistant Attorney General, Tampa, Florida,

     for Appellee