# Supreme Court of Florida

―――――

No. SC2023-0163

―――――

**DAVID KELSEY SPARRE,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

June 13, 2024

PER CURIAM.

David Kelsey Sparre, a prisoner under sentence of death, appeals the circuit court's order summarily denying his successive motion for postconviction relief, filed under rule 3.851 of the Florida Rules of Criminal Procedure.[1]  We affirm.

In 2011, a jury found Sparre guilty of first-degree murder, and consistent with a unanimous jury recommendation, the trial court sentenced him to death.  Sparre appealed, but this Court affirmed his conviction and sentence in all respects.  *Sparre v. State* (*Sparre*

―――――――――――――――――

1.  We have jurisdiction.  *See* art. V, § 3(b)(1), Fla. Const.

*I*), 164 So. 3d 1183 (Fla. 2015). Sparre's sentence became final in 2015, when the U.S. Supreme Court denied Sparre's certiorari petition. *See Sparre v. Florida*, 577 U.S. 961 (2015). We later rejected his initial postconviction challenge. *Sparre v. State* (*Sparre II*), 289 So. 3d 839 (Fla. 2019).

Before us now is a circuit court order denying Sparre's successive postconviction motion alleging newly discovered evidence—namely, that there is new testimony showing alleged inaccuracies or incompleteness in his presentence investigation report (PSI). Sparre claims that the court erred in summarily denying his claim without first holding an evidentiary hearing. We disagree.[2]

A circuit court should hold an evidentiary hearing on a rule 3.851 motion "whenever the movant makes a facially sufficient claim that requires a factual determination." *Rogers v. State*, 327 So. 3d 784, 787 (Fla. 2021) (quoting *Pardo v. State*, 108 So. 3d 558, 560 (Fla. 2012)). However, a summary denial will be upheld if the

---

2. "The standard of review here is de novo." *Rogers v. State*, 327 So. 3d at 787 n.5 (citing *Boyd v. State*, 324 So. 3d 908, 913 (Fla. 2021)).

motion is legally insufficient or procedurally barred, or if its allegations are conclusively refuted by the record. *Morris v. State*, 317 So. 3d 1054, 1071 (Fla. 2021) (quoting *Matthews v. State*, 288 So. 3d 1050, 1060 (Fla. 2019)).

Generally, postconviction claims are untimely if filed more than a year after the judgment and sentence became final. *See* Fla. R. Crim. P. 3.851(d). When a newly discovered evidence claim is brought as a successive claim, the defendant must demonstrate an exception to the rule's time limitations.[3] *See Howell v. State*, 145 So. 3d 774, 775 (Fla. 2013); Fla. R. Crim. P. 3.851(e)(2) (subjecting successive motions to rule's timing requirements); Fla. R. Crim. P. 3.851(d)(2) (precluding consideration of an untimely motion that

---

3. Rule 3.851(d) contains three timeliness exceptions:

(A) the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, or

(B) the fundamental constitutional right asserted was not established within [1 year after the judgment and sentence became final] and has been held to apply retroactively, or

(C) postconviction counsel, through neglect, failed to file the motion.

does not meet one of the exceptions). Here, Sparre cannot establish any applicable exception. *See Mungin v. State*, 320 So. 3d 624, 626 (Fla. 2020) ("It is incumbent upon the defendant to establish the timeliness of a successive postconviction claim.").

Sparre's PSI, the basis for his claim, has been available since it was filed with the trial court in 2012. And Sparre does not argue that either he or his counsel were precluded from reviewing it or interviewing its author in a timely fashion. Indeed, Sparre has offered no coherent explanation, either here or below, why trial counsel or postconviction counsel could not have discovered the alleged deficiencies years earlier with the exercise of due diligence.[4] *See Hutchinson v. State*, 343 So. 3d 50, 53 (Fla. 2022); *Dailey v. State*, 329 So. 3d 1280, 1287-88 (Fla. 2021); *Dillbeck v. State*, 304 So. 3d 286, 288 (Fla. 2020).

Moreover, Sparre has raised numerous issues related to his PSI in prior appeals, but we have rejected all such claims as meritless. Thus, we find Sparre's claims not only untimely, but also

---

4. Due diligence is measured from the time new evidence becomes discoverable. *See Jimenez v. State*, 997 So. 2d 1056, 1064 (Fla. 2008).

otherwise procedurally barred.[5]  *See Owen v. State*, 364 So. 3d 1017, 1025 (Fla. 2023) (holding a prisoner's due process claims had "already been raised and considered by this Court in prior proceedings" and thus were "procedurally barred" (quoting *Thompson v. State*, 759 So. 2d 650, 657 (Fla. 2000))).

Accordingly, based on the reasoning above, we affirm the order summarily denying Sparre's successive postconviction motion.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

---

5.  We also reject Sparre's claims that the trial court's reliance on the PSI entitles him to relief under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.  *See* amend. XIV, § 1, cl. 3, U.S. Const.  These arguments are reiterations of the same claims Sparre has been litigating since his direct appeal and which we previously rejected.  *Sparre I*, 164 So. 3d at 1193-98; *Sparre II*, 289 So. 3d at 855.  To the extent any specific claim had not yet been fully litigated prior to the filing of the present successive motion, we conclude that such claims are either procedurally barred (since they could have been raised in Sparre's direct appeal or initial postconviction proceeding) or legally insufficient on their face and without merit.  *See, e.g.*, *Jimenez v. State*, 265 So. 3d 462, 480 (Fla. 2018); *Marek v. State*, 14 So. 3d 985, 999-1000 (Fla. 2009).

An Appeal from the Circuit Court in and for Duval County,
Kevin A. Blazs, Judge - Case No. 162010CF008424AXXXMA

Robert Friedman, Capital Collateral Regional Counsel, Dawn B. Macready, Chief Assistant Capital Collateral Regional Counsel, and Chelsea Rae Shirley and Nida Imtiaz, Assistant Capital Collateral Regional Counsel, Northern Region, Tallahassee, Florida,

 for Appellant

Ashley Moody, Attorney General, and Charmaine M. Millsaps, Senior Assistant Attorney General, Tallahassee, Florida,

 for Appellee